## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re                                              :  Chapter 11
:
CARIBBEAN PETROLEUM CORP., et al.,[1]              :  Case No. 10-12553 (KG)
:
                  Debtors.    :  Jointly Administered
:
:  **Hearing Date: September 8, 2010 at 12:30 p.m.**
:  **Objection Deadline: August 31, 2010 at 4:00 p.m.**
---------------------------------------------------------------x

### APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CADWALADER, WICKERSHAM & TAFT LLP AS ATTORNEYS FOR THE DEBTORS, NUNC PRO TUNC TO THE PETITION DATE

Caribbean Petroleum Corporation ("CPC"), Caribbean Petroleum Refining L.P. ("CPR"), and Gulf Petroleum Refining (Puerto Rico) Corporation ("GPC"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent:

### Background

1. On August 12, 2010 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2010, this Court entered an order directing joint

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2. Additional information regarding the Debtors' businesses and capital structure, as well as the circumstances leading to these chapter 11 cases, is contained in the Declaration of Nicolás López Peña in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings, sworn to on August 12, 2010.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4. By this application and for the reasons set forth below, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing and approving their retention and employment of Cadwalader, Wickersham & Taft LLP ("<u>CWT</u>"), <u>nunc pro tunc</u> to the Petition Date, as the Debtors' primary legal advisors in connection with the administration and prosecution of these cases.

### CWT's Qualifications

5. The Debtors have selected CWT as their attorneys because of CWT's recognized experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. As described in the affidavit of George A. Davis in support of this application (the "<u>Davis Affidavit</u>"), attached hereto as <u>Exhibit B</u>, CWT has

experience practicing before this Court, and has been actively involved in a wide variety of major chapter 11 cases.

6. In June 2010, CWT was retained by the Debtors to provide bankruptcy and restructuring-related advice to the Debtors. Since that time, CWT has advised the Debtors with respect to various restructuring alternatives, including the filing of chapter 11 cases premised upon the sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code.

7. In the course of CWT's prepetition representation of the Debtors, CWT has become familiar with the Debtors' businesses, financial affairs, and corporate and capital structures. Accordingly, CWT has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases. The Debtors believe that CWT is both well-qualified and uniquely able to represent them in their chapter 11 cases in an efficient and timely manner.

## Professional Services

### Scope of Services

8. The Debtors anticipate that, in these chapter 11 cases, CWT will render general legal services as needed, including in the areas of bankruptcy and restructuring, corporate, finance, litigation, and tax. The professional services that CWT will render to the Debtors may include, without limitation, the following:

(a) advising the Debtors of their rights, powers, and duties as debtors and debtors in possession in the continued management of their businesses and properties;

(b) preparing on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in the Debtors' chapter 11 cases;

(c) advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in the Debtors' chapter 11 cases;

(d) advising the Debtors concerning actions they might take to collect and recover property for the benefit of their estates;

(e) advising and assisting the Debtors in connection with the contemplated sale of all or substantially all of their assets under section 363 of the Bankruptcy Code;

(f) advising the Debtors concerning executory contracts and unexpired lease assumptions, assignments, and rejections;

(g) assisting the Debtors in reviewing, estimating, and resolving claims asserted against their estates, including reviewing, where appropriate, the validity and potential avoidability of liens asserted against property of the estates;

(h) commencing and conducting any and all litigation necessary or appropriate to assert rights held by the Debtors, protect assets of their estates, or otherwise further the goal of completing a successful sale of substantially all of the Debtors' assets;

(i) advising and assisting the Debtors in connection with the preparation, solicitation and or confirmation of chapter 11 plan(s), disclosure statement(s) and all related documents; and

(j) performing all other necessary legal services in connection with the Debtors' chapter 11 cases and other general corporate matters concerning the Debtors' businesses.

9. In addition to the above services, should the Debtors request that CWT undertake specific matters beyond those set forth above, CWT may, in its sole discretion, undertake any such specific matters.

10. The Debtors require knowledgeable counsel to render these essential professional services. As described in the Davis Affidavit, CWT has substantial expertise in each of these areas. As a result, CWT is well-qualified to perform these services and represent the Debtors' interests in these chapter 11 cases. Subject to the Court's approval of this application, CWT is willing to serve as the Debtors' counsel and to perform the services described above.

### Professional Compensation

11. Subject to the approval of this Court, in accordance with sections 327, 328, 330, and 331 of the Bankruptcy Code, and as set forth in the Davis Affidavit, compensation will be paid to CWT on an hourly basis at the customary hourly rates in effect when services are rendered, plus reimbursement of actual, necessary expenses and other charges incurred by CWT according to its customary reimbursement policies. As set forth in the Davis Affidavit, CWT's current hourly rates for partners range from $650 to $995; other attorneys' hourly rates, including counsel positions, range from $335 to $995; the hourly rates charged for CWT's legal assistants range from $170 to $265. The Debtors respectfully submit that such rates are reasonable. As is the case with respect to rates charged in nonbankruptcy matters of this type, CWT's rates are subject to periodic adjustment to reflect economic and other conditions.

12. The Debtors contemplate that CWT will apply for compensation for its services rendered and reimbursement for its expenses incurred in connection with the Debtors' chapter 11 cases in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the applicable Local Rules, the guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any applicable orders of this Court.

### Prepetition Compensation

13. On July 1, 2010, CWT received a retainer from the Debtors for its professional services in the amount of $250,000 (the "Retainer"). As of the Petition Date, CWT has fully applied the Retainer and received additional compensation from the Debtors in the amount of $668,809. CWT has waived any claim for fees and expenses incurred prior to the

Petition Date to the extent such amounts exceed the payments received by CWT from the Debtors prior to the Petition Date.

## No Duplication of Services

14. The Debtors intend and believe that the services of CWT will complement, and not duplicate the services rendered by any other professional retained in these chapter 11 cases. The Debtors have submitted, or shortly will submit, applications to retain (a) Richards, Layton & Finger, P.A., as co-bankruptcy counsel to the Debtors, (b) FTI Consulting, Inc., as crisis manager to the Debtors, (c) McConnell Valdés LLC, as special corporate counsel to the Debtors, and (d) Kurtzman Carson Consultants LLC, as noticing, claims, and balloting agent. CWT has advised the Debtors that it intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in these chapter 11 cases and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

## CWT's Disinterestedness

15. To the best of the Debtors' knowledge, information, and belief, other than as set forth herein or in the Davis Affidavit, the members, counsel, and associates of CWT do not have any connection with the Debtors, their creditors, or any other party in interest in these cases or their attorneys or advisors, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

16. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Davis Affidavit, CWT does not hold or represent any interest adverse to the Debtors or their estates. CWT is not a creditor of the Debtors. The Debtors believe that CWT is

a "disinterested person," as defined in section 101(14) of the Bankruptcy code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of CWT is necessary and in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

17. CWT will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Local Rule 2014-1, to the extent that CWT learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), CWT will file and serve a supplemental affidavit with the Court setting forth the additional information.

18. As discussed above and set forth in the Davis Affidavit, the Debtors submit that they have satisfied the statutory requirements of sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, and that the retention of CWT is in the best interests of the Debtors, their estates and creditors, and all other parties in interest. Accordingly, the Debtors respectfully request the entry of an order authorizing the Debtors to retain and employ CWT to perform the legal services that will be necessary during the Debtors' chapter 11 cases.

## **Notice**

19. No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this application is being provided to (i) the U.S. Trustee, (ii) the holders of the thirty largest unsecured claims against the Debtors on a consolidated basis, (iii) each of the Debtors' prepetition secured lenders, (iv) Banco Popular de Puerto Rico, as postpetition lender, (v) the Securities and Exchange Commission, (vi) the Internal Revenue Service, (vii) the United States Department of Justice, (viii) the United States Environmental Protection Agency, (ix) CWT, and (x) all parties having filed requests for notices in these

chapter 11 cases. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

## **No Prior Motion**

20. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 23, 2010
      Wilmington, Delaware

Respectfully submitted,

CARIBBEAN PETROLEUM CORPORATION

By: _____
Dariush Lavian
Chief Executive Officer

GULF PETROLEUM REFINING (PUERTO RICO) CORPORATION

By: _____
Dariush Lavian
Chief Executive Officer

CARIBBEAN PETROLEUM REFINING L.P.

By: _____
Dariush Lavian
Chief Executive Officer