UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CARIBBEAN PETROLEUM CORP., *et al.*, | : | Case No. 10-12553 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Related to Docket Nos. 9, 53 |

**PREPA'S LIMITED OBJECTION AND RESERVATION OF RIGHTS IN CONNECTION WITH DEBTORS' MOTION SEEKING AN ORDER, *INTER ALIA*, APPROVING CERTAIN PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Puerto Rico Electric Power Authority ("PREPA"), by and through its undersigned attorneys, hereby submits its limited objection and reservation of rights in connection with the *Motion of Debtors for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With the Sale of Substantially All of the Debtors' Assets, (B) Authorizing Entry Into Stalking Horse Agreements and Approving Stalking Horse Protections, (C) Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Scheduling Auction and Sale Approval Hearing, (E) Approving the From and Manner of the Sale Notice, and (F) Granting Certain Related Relief, and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Docket No. 53] (the "Sale Motion"), as follows:

**GENERAL BACKGROUND**

1. On August 12, 2010 (the "Petition Date"), the above-captioned, jointly administered debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Upon information and belief, the

Debtors are continuing to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Founded in 1941, PREPA is a government-owned utility and is the sole electricity distributor for Puerto Rico, where it serves approximately 1.4 million residential and commercial customers.

## FACTUAL BACKGROUND REGARDING THE PRE-PETITION BUSINESS RELATIONSHIP BETWEEN PREPA AND THE DEBTORS

3. PREPA provided electric service to the Debtors prior to the Petition Date. The Debtors maintained the following account numbers with PREPA: 2103222750023, 2303440670026, and 2105116410027 (the "Accounts").[1] As of the Petition Date, the Debtors owe PREPA $133,305.96 on account of the Debtors' pre-petition electricity consumption.

4. On May 27, 2006, PREPA and Debtor Caribbean Petroleum Refining, L.P. ("CPR") entered into a fuel-oil terminalling agreement, which was subsequently amended by an agreement dated May 28, 2007 (as amended, the "Fuel Oil Terminalling Agreement"). On June 18, 2007, PREPA and CPR entered into a light-distillate terminalling agreement (the "Light Distillate Terminalling Agreement"). (The Fuel Oil Terminalling Agreement and the Light Distillate Terminalling Agreement are collectively referred to herein as the "Terminalling Agreements.")

5. Pursuant to the Terminalling Agreements, the Debtors provided PREPA with access to certain terminal facilities and storage tanks, and provided certain terminalling services as specified in the Terminalling Agreements (collectively, the "Services") at the Debtors' refining complex located in the municipalities of Bayamón and Guaynabo, Puerto Rico (the

---

1 Account number 1102588650096 is identified in the Debtors' Utility Motion as a PREPA account number. PREPA's records do not identify that account number.

"Terminal"). The Services generally relate to PREPA's importation of fuel oil and light distillate fuel (the "Fuel") which PREPA uses in the production of electricity at its electricity-production plants located in the municipalities of Toa Baja and San Juan, Puerto Rico.

6. The Fuel Oil Terminalling Agreement specifically provides for a monthly setoff payment of $55,000 (the "Setoff Payment"), which, prior to the Petition Date, was made effected between PREPA and CPR by off-setting (i) any amounts owed by PREPA to CPR for the Services provided under the Fuel Oil Terminalling Agreement against (ii) any amounts owed by CPR to PREPA for electric power consumption. Any electric power consumption in excess of the Setoff Payment was to be paid by CPR to PREPA in accordance with applicable rates during the billing period. Any unused portion of the monthly Setoff Payment was to be accrued, and the account was to be settled every twelve months.

7. PREPA typically paid CPR directly for the Services rendered pursuant to the Light Distillate Terminalling Agreement and any Services under the Fuel Oil Terminalling Agreement in excess of the Setoff Payment.

8. On or about July 27, 2010, the Terminal was closed by the United States government. The Debtors have not provided any Services to PREPA since the end of July 2010.

9. CPR has breached the Terminalling Agreements by not performing the Services required by the Terminalling Agreements. Because of CPR's breaches of the Terminalling Agreements, PREPA has been forced to procure Fuel from alternative sources at great expense.

10. But for CPR's breach of the Terminalling Agreements and failure to pay for pre-petition electric services, PREPA would owe CPR for Services provided. As of the date hereof, however, PREPA estimates that the damages associated with CPR's breaches of the Terminalling Agreements prior to the Petition Date meet or exceed any amounts that would otherwise be due

to CPR. PREPA expressly reserves all of its rights on these issues, including its right to pursue recoupment and/or setoff of any amounts due.

## THE DEBTORS' SALE MOTION

11. By the Sale Motion, the Debtors seek, *inter alia,* Court approval of certain procedures related to the sale of substantially all of their assets, as well as approval of the ultimate sale of such assets to a buyer or buyers not yet identified. The Sale Motion makes clear that the assets to be sold include accounts receivable, and that such assets are proposed to be sold free and clear of liens, claims, encumbrances, etc. (See Sale Mot. ¶ 8.)

12. With respect to alleged executory contracts, the Sale Motion proposes a procedure, pursuant to which counter-parties to such contracts could be informed as late as December 31, 2010 that their contracts will be assumed and assigned to a buyer. The proposed procedures would then require such contract parties to request adequate assurance information, negotiate with the Debtors and/or the proposed buyer, conduct discovery and file an objection to the proposed assumption and assignment by January 7, 2011, and be prepared for a contested hearing on the proposed assumption and assignment three (3) days later on January 10, 2011 (collective the "Contract Assignment Procedures"). (See Sale Mot. ¶¶ 38-48.)

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

13. To the extent that the Terminalling Agreements are proposed to be assumed and assigned by the Debtors, PREPA objects to the proposed Contract Assignment Procedures, as such procedures do not provide contract parties with sufficient time to consider the proposed assumption and assignment and/or the ability of the proposed buyer to provide adequate assurance of future performance. To the extent PREPA, or any other contract party, seeks to oppose the attempted assumption and assignment of any contract, such parties are entitled to take

discovery of the Debtors and/or the proposed assignee, and the schedule proposed by the Debtors does not afford PREPA or other contract parties with sufficient time to engage in discovery and prepare for a contested hearing.

14. PREPA specifically reserves its right to challenge whether or not the Terminalling Agreements are executory contracts capable of assumption and assignment under section 365 of the Bankruptcy Code on any basis, including, but not limited to, its right to argue that the Debtors' default under such agreements cannot be cured.

15. Further, PREPA specifically reserves, and puts all parties-in-interest on notice of, its right to commence eminent domain proceedings against the Debtors' property at any time. To be clear, the Debtors' assets cannot be sold "free and clear" of PREPA's eminent domain rights. Maryland v. Amoruso (In re Quality Supplier Gen. P'ship), 176 B.R. 135, 140 (Bankr. D. Md. 1994) ("Debtors do not have, and they never had, the power to convey property free of the State's eminent domain powers, nor do debtors have the power to subordinate the State's sovereign rights"). PREPA specifically objects to any proposed sale of assets free and clear of such eminent domain rights.

16. Finally, PREPA specifically objects to any sale of alleged accounts receivable due from PREPA to the Debtors free and clear of PREPA's rights and defenses, including its ability to assert setoff.

17. Section 553(a) of the Bankruptcy Code provides,

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a). Setoff rights are not created by bankruptcy law; rather, the Bankruptcy Code merely preserves a party's setoff rights under non-bankruptcy law. Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 18–19 (1995) ("Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy.").

18. As discussed above, PREPA has suffered damages as a result of the Debtors' breaches of the Terminalling Agreements; damages which equal or exceed any amounts allegedly due the Debtors under such agreements.

19. The sale, as proposed, would operate to improperly extinguish PREPA's setoff rights. See MBNA Am. Bank v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.), 275 B.R. 712, 718 (Bankr. D. Del. 2002) ("Section 363...eliminate[s] setoff rights vis-à-vis the buyer by permitting a sale free of such interests.").[2] As such, PREPA respectfully submits that this Court should condition any sale as is necessary to provide adequate protection of PREPA's setoff rights. See 11 U.S.C. § 363(e) ("[O]n request of an entity that has an interest in property used, sold, or leased...by the trustee, the court, with or without a hearing, shall prohibit or

---

2 Note, however, that Section 363 does not eliminate setoff rights to the extent that PREPA is able to prove an "actual" prepetition setoff. See Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 263 (3d. Cir. 2000) ("To the extent that [the creditor] is able to prove an actual setoff prior to bankruptcy, the property subject to setoff is not deemed part of the bankruptcy estate and therefore was not subject to the section 363 sale."). Also, PREPA's claim of recoupment against the Debtors is unaffected by the proposed sale: In contrast to setoff rights, "a right of recoupment is a defense and not an interest and therefore is not extinguished by a § 363(f) sale." Id. at 261; see also Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984) ("In bankruptcy, the recoupment doctrine has been applied primarily where the creditor's claims against the debtor and the debtor's claim against the creditor arise out of the same contract."); In re Monongahela Rye Liquors, Inc., 141 F.2d 864, 869 (3d Cir. 1944) ("'[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded.'" (quoting Bull v. United States, 295 U.S. 247, 262 (1935))). Accordingly, PREPA's instant objection is made without waiver of its ability to take the position later in this case that (a) PREPA effected an actual prepetition setoff and/or (b) the claims of the Debtors or any other party are subject to the defense of recoupment.

condition such use, sale or lease as is necessary to provide adequate protection of such interest."). Adequate protection of PREPA's setoff rights, in the context of the proposed sale, is that the accounts receivable that the Debtors seek to sell should be sold subject to PREPA's rights and defenses, including its claims of setoff.

## CONCLUSION

20. For the foregoing reasons, PREPA respectfully requests that the Court deny the sale procedures as proposed, specifically reserve PREPA's rights and defenses as detailed herein, and grant PREPA such further relief as is just and appropriate.

Dated: September 1, 2010

**SAUL EWING LLP**

By: ______________________

Mark Minuti (No. 2659)
Lucian B. Murley (No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

*Counsel for Puerto Rico Electric Power Authority*