MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Larren M. Nashelsky
Lorenzo Marinuzzi
Todd M. Goren

*Proposed Attorneys for the
Official Committee of Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CARIBBEAN PETROLEUM CORP., *et al.*,[1] | ) | 10-12553 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF CARIBBEAN PETROLEUM CORP., *ET AL.*, FOR ENTRY OF AN ORDER
AUTHORIZING THE COMMITTEE TO RETAIN AND EMPLOY
MORRISON & FOERSTER LLP AS ITS COUNSEL PURSUANT TO
SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE
AND FED. R. BANKR. P. 2014 EFFECTIVE AS OF AUGUST 26, 2010**

TO THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Caribbean

Petroleum Corp., *et al.* (the "Debtors"), by its Co-Chairpersons, the Jesus Trilla Case and

National Response Corp., hereby applies to the Court (the "Application") for an order, the

proposed form of which is attached as Exhibit A, pursuant to 11 U.S.C. §§ 328(a) and 1103(a) of

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

the Bankruptcy Code and Fed. R. Bankr. P. 2014, authorizing the employment and retention of Morrison & Foerster LLP ("Morrison & Foerster" or the "Firm") effective as of August 26, 2010, as counsel to the Committee. In support of the Application, the Committee relies upon the Affidavit of Lorenzo Marinuzzi (the "Marinuzzi Affidavit") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 328 and 1103, Title 11, United States Code, as amended (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

2. On August 12, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Delaware. On August 16, 2010, the Bankruptcy Court entered an order directing joint administration of the Debtors' cases under Case Number 10-12553 [Docket No. 30]. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession. No trustee or examiner has been appointed in these cases.

3. The Debtors represented, among other things, that before the Petition Date, they operated integrated and interdependent businesses consisting of the import, offloading, storage, and distribution of petroleum products in Puerto Rico. In 2009, according to the Debtors, the

2
ny-939686

Debtors' distribution operations accounted for approximately 13% of the retail gasoline and diesel market in Puerto Rico. However, certain of the Debtors' facilities were significantly damaged by explosions and fires on or about October 23, 2009 (the "Explosions"). As a result of the Explosions, the Debtors effectively halted their operations. Consequently, the Debtors have faced severe liquidity constraints that have impacted their ability to service their existing debt.

4. On August 26, 2010, the United States Trustee for the District of Delaware appointed a five (5) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 69]. On August 26, 2010, the Committee selected the Jesus Trilla Case and National Response Corp. as its Co-Chairpersons. Thereafter, the Committee selected Morrison & Foerster to serve as its lead counsel and Pepper Hamilton LLP ("Pepper Hamilton") to serve as its Delaware co-counsel.

## RELIEF REQUESTED

5. Subject to this Court's approval, the Committee seeks to employ Morrison & Foerster as its lead counsel in connection with the Debtors' chapter 11 cases and all related matters, effective as of August 26, 2010. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Committee respectfully requests that the Court enter an order authorizing the Committee to employ and retain Morrison & Foerster as its attorneys, effective as of August 26, 2010, to perform the legal services that will be necessary during these chapter 11 cases.

6. With offices in New York, San Francisco, Sacramento, San Diego, Los Angeles, and Washington, D.C., among other locations both domestic and worldwide, Morrison & Foerster is an internationally recognized law firm with extensive experience and expertise in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code. The Committee seeks the employment of Morrison & Foerster to

3

represent it and to perform services for the Committee in connection with carrying out its duties and responsibilities under the Bankruptcy Code consistent with section 1103 and other provisions of the Bankruptcy Code.

7. Morrison & Foerster has advised the Committee that its attorneys have broad-based experience and a national reputation in bankruptcy and reorganization proceedings as well as extensive experience and knowledge practicing before this Court. Through Morrison & Foerster, the Committee will have the benefit of such knowledge and experience, as well as the ability to call upon the attorneys within Morrison & Foerster with expertise in other specialized areas of law as may be needed.

### A. Services to be Provided

8. The Committee believes Morrison & Foerster is qualified to represent it in these cases in a cost-effective, efficient and timely manner. The Committee anticipates that Morrison & Foerster will, in connection with these chapter 11 cases and subject to orders of this Court, provide the following services to the Committee, among others:

(a) advise the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

(b) assist and advise the Committee in its consultation with the Debtors relative to the administration of these cases;

(c) attend meetings and negotiate with the representatives of the Debtors;

(d) assist and advise the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(e) assist and advise the Committee in connection with the Debtors' proposed sale of assets pursuant to Section 363 of the Bankruptcy Code;

(f) assist the Committee in the review, analysis and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and to assist the Committee in the review, analysis and negotiation of the disclosure statement accompanying any such plan(s);

(g) take all necessary action to protect and preserve the interests of the Committee, including (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

(h) generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by the Committee;

(i) appear, as appropriate, before this Court, the Appellate Courts, and the United States Trustee, and protect the interests of the Committee before those courts and before the United States Trustee; and

(j) perform all other necessary legal services in these cases.

9. Morrison & Foerster intends to work closely with the Debtors' representatives and the other professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

10. Morrison & Foerster has indicated a willingness to act on behalf of the Committee.

11. The Committee believes Morrison & Foerster has the necessary background to deal effectively and efficiently with any potential legal issues that arise in the context of these cases.

### B. Professional Compensation

12. Morrison & Foerster intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to the Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Executive Office of the United States Trustee (the "U.S. Trustee Fee Guidelines") and the Court's Orders, plus seek reimbursement of actual, necessary expenses and other charges that Morrison & Foerster incurs.

13. Morrison & Foerster proposes to charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the day the services are rendered. These hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, Morrison & Foerster's hourly rates for matters implicated in the chapter 11 cases range as follows:

- (a) the hourly rates for partners range from $600 per hour to $950 per hour, based upon a variety of factors, including seniority and distinction and expertise in one's field;

- (b) the hourly rates for "of counsel" range from $395 per hour to $875 per hour;

- (c) the hourly rates for associates range from $295 per hour to $640 per hour, based upon year of graduation from law school; and

- (d) the hourly rates for paraprofessionals range from $165 per hour to $270 per hour.

14. These hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere. Initially, Larren M. Nashelsky ($900), Lorenzo Marinuzzi ($750), Rafael Hernandez Mayoral ($650), Todd M. Goren ($625), Renee L. Freimuth ($590) and Kristin A. Hiensch ($525) will be the principal attorneys involved in this representation.[2] The Committee believes that these rates, and the terms and conditions of Morrison & Foerster's employment, are reasonable.

15. In addition, from time to time, as these chapter 11 cases proceed, it is very likely that Morrison & Foerster's representation of the Committee will require the active participation of attorneys and paraprofessionals from other departments, in addition to the attorneys and paraprofessionals assigned to these chapter 11 cases and listed above.

---

[2] These figures represent Morrison & Foerster's rates for the year 2010.

16. The Committee has also agreed to reimburse Morrison & Foerster, subject to the Court's approval, for all actual out-of-pocket expenses incurred by Morrison & Foerster on the Committee's behalf, such as copying, long distance telephone, travel expenses, overnight courier expenses, computer research and other disbursements, as more fully set forth in the Marinuzzi Affidavit. All requests for reimbursement of expenses will be consistent with guidelines established by the Bankruptcy Court and/or the Executive Office of the United States Trustee.

17. The Committee has been advised that Morrison & Foerster will use every effort to staff the engagement in a cost-effective manner, including utilizing the Firm's legal assistants to handle those aspects of these cases that can best be managed by a legal assistant.

C.  **Morrison & Foerster's Disinterestedness**

18. To the best of the Committee's knowledge, information and belief, based on the annexed Marinuzzi Affidavit, Morrison & Foerster does not hold or represent any interest adverse to the Debtors' estates and, except as disclosed in the Marinuzzi Affidavit, does not have any "connections" to the Debtors' creditors, affiliates, other parties-in-interest and potential parties-in-interest, the Assistant United States Trustee, or the United States Bankruptcy Judge assigned to the Debtors' cases. Accordingly, the Committee believes that Morrison & Foerster is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code. To the extent that Morrison & Foerster is determined to have a conflict with respect to a particular client or matter, the Committee will utilize Pepper Hamilton, or, if necessary, conflicts counsel.

19. The Committee believes that the employment of Morrison & Foerster is necessary and in the best interests of the estates, enabling the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

20. As set forth in the Marinuzzi Affidavit, Morrison & Foerster has represented, currently represents and will likely in the future represent certain parties-in-interest or potential parties-in-interest in these chapter 11 cases in matters unrelated to either the chapter 11 cases, or such entities' claims against the Debtors. Further, as part of its customary practice, Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by claimants, and some of whom may be parties-in-interest in these chapter 11 cases.

21. Morrison & Foerster advised the Committee that it will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify and disclose such further developments by filing a supplemental Affidavit.

22. Therefore, the relief requested in the Application is appropriate and should be granted by this Court.

## NOTICE

23. Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery or hand delivery to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties who have filed a notice of appearance in these cases. In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

24. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order

substantially in the form annexed hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court may deem just and proper.

Dated: September ___, 2010

<div style="margin-left: 40%;">
Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
CARIBBEAN PETROLEUM CORP., et al.

By: /s/ Steven Candito
Steven Candito
President, National Response Corp.
Co-Chairperson of the Committee
</div>