IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) ) | Chapter 11 |
| CARIBBEAN PETROLEUM CORP., *et al.*,[1] | ) ) ) | 10-12553 (KG) (Jointly Administered) |
| Debtors. | ) ) ) ) | **Objections Due: 10/15/2010 at 4:00 p.m. (ET)** **Hearing Date: 10/27/2010 at 3:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CARIBBEAN PETROLEUM CORP., *ET AL*., PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES & COMPANY, INC. AS ITS <u>FINANCIAL ADVISOR EFFECTIVE AS OF AUGUST 26, 2010</u>**

TO THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Caribbean Petroleum Corp., *et al.* (the "<u>Debtors</u>"), by its Co-Chairperson, the Jesus Trilla Case and National Response Corp., hereby applies to the Court (the "<u>Application</u>") for an order, the proposed form of which is attached as <u>Exhibit A</u>, pursuant to 11 U.S.C. §§ 328(a) and 1103(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2014, authorizing the employment and retention of Jefferies & Company, Inc. ("<u>Jefferies</u>") as its financial advisor, effective as of August 26, 2010. This Application is supported by the Declaration of Leon Szlezinger, Managing Director of Jefferies, dated September 24, 2010, a copy of which is attached hereto as <u>Exhibit B</u> (the "<u>Szlezinger Declaration</u>") and incorporated herein.

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 328 and 1103, Title 11, United States Code, as amended (the "<u>Bankruptcy Code</u>") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

## BACKGROUND

2. On August 12, 2010 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, District of Delaware. On August 16, 2010, the Bankruptcy Court entered an order directing joint administration of the Debtors' cases under Case Number 10-12553 [Docket No. 30]. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession. No trustee or examiner has been appointed in these cases.

3. The Debtors represented, among other things, that before the Petition Date, they operated integrated and interdependent businesses consisting of the import, offloading, storage, and distribution of petroleum products in Puerto Rico. In 2009, according to the Debtors, the Debtors' distribution operations accounted for approximately 13% of the retail gasoline and diesel market in Puerto Rico. However, certain of the Debtors' facilities were significantly damaged by explosions and fires on or about October 23, 2009 (the "<u>Explosions</u>"). As a result of the Explosions, the Debtors effectively halted their operations. Consequently, the Debtors have faced severe liquidity constraints that have impacted their ability to service their existing debt.

4. On August 26, 2010, the United States Trustee for the District of Delaware appointed a five (5) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 69]. On August 26, 2010, the Committee selected the Jesus Trilla Case and National Response Corp. as its Co-Chairpersons. Thereafter, on August 26, 2010 (the "Retention Date") the Committee selected Jeffries to serve as its financial advisor and investment banker.

**RELIEF REQUESTED**

5. By this Application the Committee respectfully requests the entry of an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Committee to retain and employ Jefferies as its financial advisor in the chapter 11 cases, effective as of the Retention Date, pursuant to the terms, and subject to the conditions, of the engagement letter between the Committee and Jefferies, dated September 28, 2010, a copy of which is attached hereto as Exhibit C (the "Engagement Letter"). The Engagement Letter describes (a) the various services that Jefferies anticipates performing for the Committee in the chapter 11 cases and (b) the terms and conditions of Jefferies' proposed engagement by the Committee. Jefferies' provision of services to the Committee is conditioned upon this Court's approval of the Engagement Letter.

**BASIS FOR RELIEF REQUESTED**

6. The Committee brings this Application because of its need to retain a financial advisor to assist it in the critical tasks associated with guiding the Committee through the Debtors' reorganization efforts. The Committee respectfully submits that the services of a financial advisor are necessary and appropriate to enable it to evaluate the complex financial and economic issues raised by the Debtors' reorganization proceedings and to effectively fulfill its statutory duties.

7. The Committee formally interviewed and reviewed materials submitted by three candidates prior to selecting Jefferies as its financial advisor. Such selection was based on the Committee's determination that Jefferies is the best candidate for the services to be provided and that its proposed fee structure is competitive and appropriate given the Committee's understanding of the facts and circumstances of the Debtors' chapter 11 cases. The Committee further selected Jefferies to act as its financial advisor in the chapter 11 cases because of its significant expertise in providing investment banking services to debtors and creditors in restructurings and distressed situations.

**A.     Jefferies' Qualifications**

8. Jefferies is a full-service investment banking firm with its principal office located at 520 Madison Avenue, New York, New York 10022. It is a registered broker-dealer with the United States Securities and Exchange Commission, and a member of the Boston Stock Exchange, the International Stock Exchange, the Financial Industry Regulatory Authority, the Pacific Stock Exchange, the Philadelphia Stock Exchange, and the Securities Investor Protection Corporation. Jefferies was founded in 1962 and is a wholly-owned subsidiary of Jefferies Group, Inc., which is a public company and, together with its subsidiaries, has gross assets of approximately $28 billion, annual revenues of more than $2 billion and approximately 2,700 employees in more than 25 offices around the world.

9. Jefferies provides a broad range of corporate advisory services to its clients including, without limitation, services relating to: (i) general financial advice; (ii) mergers, acquisitions, and divestitures; (iii) special committee assignments; (iv) capital raising; and (v) corporate restructurings. Jefferies and its senior professionals have extensive experience in the reorganization and restructuring of troubled companies, both out-of-court and in chapter

11 proceedings. The employees of Jefferies have advised debtors, creditors, equity constituencies, and purchasers in many reorganizations. Since 2007, Jefferies has been involved in over 100 restructurings representing over $145 billion in restructured liabilities.

10. Jefferies has extensive experience in reorganization cases and has an excellent reputation for services it has rendered in large and complex chapter 11 cases, on behalf of debtors, creditors and creditors' committees throughout the United States. Cases that Jefferies has advised on include: In re Medical Staffing Network Holdings Inc., Case No. 10-29101 (BKC-EPK) (Bankr. S.D. Florida July 2, 2010); In re Uno Restaurant Holdings Corporation, Case No. 10-10209 (MG) (Bankr. S.D.N.Y. January 20, 2010); In re Spheris Inc., Case No. 10-10352 (KG) (Bankr. D. Del. Feb. 3, 2010); In re FairPoint Communications, Inc., Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Oct. 26, 2009); In re Nortel Networks, Inc., Case No. 09-10138 (KG) (Bankr. D. Del. Jan. 14, 2009; In re RathGibson, Inc., Case No. 09-12452 (CSS) (Bankr. D. Del. Jul. 13, 2010); In re Sea Launch Company, LLC, Case No. 09-12153 (BLS) (Bankr. D. Del. Jun. 22, 2010); In re DBSD North America, Inc., Case No. 09-13061 (REG) (Bankr. S.D.N.Y. May 15, 2009); In re Accuride Corporation, Case No. 09-13449 (BLS) (Bankr. D. Del. Oct. 8, 2009); In re AbitibiBowater, Inc., Case No. 09-11296 (KJC) (Bankr. D. Del. Apr. 16, 2009); In re Aventine Renewable Energy Holdings, Inc., Case No. 09-11214 (KG) (Bankr. D. Del. Apr. 7, 2009); In re Extended Stay Inc., Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. Jun. 15, 2009); In re Tronox Incorporated, Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Jan. 11, 2009); In re Circuit City Stores Inc., Case No. 08-35663 (KRH) (Bankr. E.D. Virginia Nov. 10, 2008); In re Quebecor World (USA) Inc., Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Jan. 21, 2008); In re AmeriServe Food Distribution, Inc., Case No. 00-358 (PJW) (Bankr. D. Del. Jun. 27, 2000); In re Ames Dep't Stores, Inc., Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Dec. 21,

2001); In re Bally Total Fitness of Greater New York, Inc., Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. Feb. 10, 2009); In re Diamond Brands Operating Corp., Case No. 01-1825 (RB) (Bankr. D. Del. Jul. 24, 2001); In re Federal-Mogul Corp., Case No. 01-10578 (JKF) (Bankr. D. Del. Jan. 24, 2002); and In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Jun. 9, 2006).

11. Based on the foregoing and on Jefferies' vast experience and expertise, the Committee believes that the employment and retention of Jefferies as the financial advisor to the Committee in the chapter 11 cases is in the best interests of the Committee and the Debtors' unsecured creditors.

**B.    The Services to be Provided by Jefferies**

12. The Committee anticipates that Jefferies will render the following financial advisory services pursuant to the Engagement Letter and as requested by the Committee:[2]

>   (a)    becoming familiar with and analyzing, to the extent Jefferies deems appropriate, the business, operations, properties, financial condition and prospects of the Debtors;
>
>   (b)    advising the Committee on the current state of the "restructuring market;"
>
>   (c)    assisting and advising the Committee in examining and analyzing any strategy, potential or proposed restructuring, amending, redeeming or otherwise adjusting the Debtors' outstanding indebtedness or overall capital structure, whether pursuant to a plan of reorganization, any sale under section 363 the Bankruptcy Code, a liquidation, or otherwise (a "Transaction"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Transaction;

---

[2]    This Application summarizes the terms of the Engagement Letter. To the extent there is a conflict between the Application and the Engagement Letter, the Engagement Letter will govern.

(d) assisting and advising the Committee in evaluating and analyzing the proposed implementation of any Transaction, including the value of the securities or debt instruments, if any, that may be issued in any such Transaction;

(e) assisting and advising the Committee in evaluating potential financing transactions by the Debtors;

(f) assisting and advising the Committee on tactics and strategies for negotiating with other stakeholders;

(g) attending meetings of the Committee with respect to matters on which Jefferies has been engaged to advise the Committee hereunder;

(h) providing testimony, as necessary and appropriate, with respect to matters on which Jefferies has been engaged to advise the Committee hereunder, in any proceeding before the Bankruptcy Court;

(i) rendering such other financial advisory services as may from time to time be agreed upon by the Committee and Jefferies, including, but not limited to, providing expert testimony, and other expert and financial advisory support related to any threatened, expected, or initiated litigation; and

j) in addition, upon the request of the Committee, Jefferies shall assist with refinancing the Company's current debtor in possession credit agreement (a "Capital Raise").

13. Pursuant to section 1103(a) of the Bankruptcy Code, a committee may retain advisors to assist in the chapter 11 proceedings. See 11 U.S.C. § 1103(a). In the chapter 11 cases, the Committee requires qualified professionals to render these essential financial advisory services. As discussed above, Jefferies has substantial expertise as a financial advisor in complex chapter 11 proceedings, and is well qualified to perform these services and to assist the Committee in the chapter 11 cases.

C.  **Professional Compensation**

14. Subject to the Court's approval, the Committee seeks the following consideration for Jefferies' services (the "Fee Structure") pursuant to, and as further explained in, the Engagement Letter:

- **Monthly Fees**: Jefferies will be paid a monthly fee (the "Monthly Fee") equal to $112,500 per month until the expiration or termination of its employment. The first Monthly Fee shall be payable immediately upon approval of this Application (with, for the avoidance of doubt, the Monthly Fees being deemed to have accrued beginning on August 26, 2010, the Retention Date).

- **Transaction Fees**: A transaction fee (the "Transaction Fee") in an amount equal to $950,000, provided, that, in no circumstances shall the Transaction Fee exceed ten per cent (10%) of the overall recovery pool that is available to unsecured creditors. The Transaction Fee, if any, shall be due and payable on the effective date of a plan of reorganization or a plan of liquidation in the Cases, in each case that is supported by the Committee. In the event that the recovery pool to unsecured creditors shall constitute, in full or in part, assets the value of which is uncertain, the unsecured creditors committee and Jefferies shall work together , in good faith, to establish a value for such assets. Upon the consummation of a Capital Raise (the "Capital Raise Fee"), a fee equal to 3.0% of the maximum principal amount available under the credit facility that is the subject of the Capital Raise. The Capital Raise Fee under this will be payable upon the execution of a definitive credit agreement by the Company and the lenders thereunder.

- **Expenses:** In addition to any fees that may be paid to Jefferies hereunder, whether or not any Transaction occurs, the Debtors shall reimburse Jefferies, promptly upon receipt of an invoice therefor, for all out-of-pocket expenses (including reasonable fees and expenses of its counsel) incurred by Jefferies in connection with the engagement contemplated hereunder.[3]

15. The Committee understands that during the pendency of the chapter 11 cases, Jefferies shall serve fee statements and file interim and final applications for allowance of

---

[3] None of the Committee, its constituents, or any of its advisors or professionals (including, but not limited to, counsel to the Committee) will be liable for the fees, expenses or other amounts payable to Jefferies under the Engagement Letter.

the fees and expenses payable to it under the terms of the Engagement Letter, pursuant to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any orders of the Court.

16. In accordance with the Engagement Letter, the Committee seeks approval of the proposed Fee Structure pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that a professional may be retained "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a), therefore, permits the Court to approve the compensation structure proposed in the Engagement Letter in connection with the Committee's retention of Jefferies.

17. The Committee believes that the proposed Fee Structure is fair and reasonable and should be approved under section 328(a) of the Bankruptcy Code. The proposed Fee Structure appropriately reflects the nature of the services to be provided by Jefferies and the structures typically utilized by leading financial advisors when billing on a non-hourly basis. Similar fixed and contingency fee arrangements have been approved and implemented in other large chapter 11 cases. See, e.g., In re Brook Mays Music Co., Case No. 06-32816 (SGJ) (Bankr. N.D.Tex. 2006) (approving retention of Houlihan Lokey as restructuring advisor and authorizing payment of monthly fee and transaction fee subject to 328(a) standard, but requiring limited monthly fee statements); In re Kaiser Aluminum Corp., et al., Case No. 02-10429 (JKF) (Bankr. D. Del. Mar. 19, 2002) (authorizing the retention of Lazard Freres & Co. LLC and subjecting compensation, including monthly fees and restructuring fees, to standard of review set forth in Section 328(a)); In re Covad Communications Group, Inc., Case No. 01-10167 (JJF) (Bankr. D. Del. Nov. 21, 2001) (authorizing retention of Houlihan Lokey with compensation, including monthly flat fee and success fee, subject to standard of review set forth in Section

328(a)); In re Casual Male Corp., Case No. 01-41404 (REG) (Bankr. S.D.N.Y. May 18, 2001) (authorizing retention of Robertson Stephens, Inc., with compensation, including sale transaction fee, subject to Section 328(a) standard of review).

18. The fees payable to Jefferies pursuant to the Engagement Letter shall only be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code, except that the United States Trustee shall retain the right to object to the fees payable pursuant to subparagraph 4 of the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

19. Jefferies has indicated to the Committee that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Jefferies' restructuring professionals, when formally retained in chapter 11 cases, and when required by local rules, do, and in the chapter 11 cases will, keep time records in half hour increments describing their daily activities and the identity of persons who performed such tasks. Also, Jefferies will supplement this information with a list of the non-restructuring professionals who assist the restructuring department on this matter but who do not, as a matter of general practice, keep the records in the same manner. In addition, apart from the time recording practices described above, Jefferies' restructuring personnel do not maintain their time records on a "project category" basis. The Committee has been advised that to have Jefferies recreate the time entries for its restructuring personnel and require its non-restructuring personnel to record its time as prescribed by the Local Rules would be, in each case, unduly burdensome and time consuming. As such, the Committee submits that the detailed time descriptions that

Jefferies' restructuring personnel will provide should be sufficient for any review of the time entries in connection with a subsequent application for compensation.

**D.     The Indemnification Provisions**

20.     The Engagement Letter provides that as a condition of its employment, this Court will have entered an order providing Jefferies with an indemnity as detailed in Schedule "A" to the Engagement Letter (hereafter, the "<u>Indemnity</u>").

21.     Further, the Indemnity includes qualifications and limits on the indemnification and limitation on liability provisions that are customary in chapter 11 cases. Accordingly, the Committee and Jefferies believe that the Indemnity is customary and reasonable for engagements of this type and, therefore, should be approved.

**E.     Disinterestedness**

22.     Jefferies has informed the Committee that: (i) except as set forth in the Szlezinger Declaration, it has no connection with the Debtors, their creditors, or other parties in interest in this case; (ii) it does not hold any interest adverse to the Debtors' estates; (iii) it is not owed any prepetition amounts from the Debtors; and (iv) it believes it is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

23.     Jefferies will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Jefferies will provide the Court with a supplemental declaration.

24.     Based on the foregoing, the Committee believes that the employment of Jefferies would be in the best interests of the Committee, the Debtors and their estates and creditors.

**NOTICE**

25. Notice of this Application has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors and their counsel; and (iii) all parties who have requested service of all papers in the chapter 11 cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

26. No previous application for the relief requested herein has been made to this or any other court.

**Conclusion**

WHEREFORE, the Committee respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ Jefferies as its financial advisor, effective as of August 26, 2010, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and to grant such other and future relief as the Court deems appropriate.

**(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)**

Dated: September 28, 2010

                Respectfully submitted,

                THE OFFICIAL COMMITTEE OF
                UNSECURED CREDITORS OF
                CARIBBEAN PETROLEUM CORP., *et al.*

                By: _____
                    Steven Candito
                    National Response Corporation
                    Co-Chairperson of the Committee