# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| CARIBBEAN PETROLEUM CORP., *et al.*, [1] | ) 10-12553 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING THE
RETENTION AND EMPLOYMENT OF JEFFERIES & COMPANY, INC. AS
FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS EFFECTIVE AS OF AUGUST 26, 2010**

Upon the application, dated September 28, 2010, of the Official Committee of Unsecured

Creditors (the "Committee") of Caribbean Petroleum Corp., *et al.* (the "Debtors"), pursuant to

sections 327(a), 328(a), and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016,

for entry of an order authorizing the Committee to employ and retain Jefferies & Company, Inc.

("Jefferies") as its financial advisor *nunc pro tunc* to August 26, 2010 (the "Application"); [2] and

the Committee having submitted the Szlezinger Affidavit in support of the Application; and the

Court being satisfied based on the representations made in the Application and the Szlezinger

Affidavit that the professionals of Jefferies who will be engaged in the chapter 11 cases represent

no interest adverse to the Debtors' estates with respect to the matters upon which Jefferies is to

be engaged, and that they are disinterested persons as that term is defined under section 101(14)

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and having

considered the statements of counsel and the evidence adduced with respect to the Application at

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417).  The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

a hearing before the Court (the "Hearing"); and it appearing that the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a

core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the

Application as set forth therein is sufficient under the circumstances, and that no further notice

need be provided; and it further appearing that the relief requested in the Application is in the

best interests of the Debtors, their estates and their creditors; and after due deliberation and

sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the Committee is authorized to retain and employ Jefferies as its

financial advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code on the terms set

forth in the Agreement *nunc pro tunc* to August 26, 2010, to render the following financial

advisory services pursuant to the Engagement Letter and as requested by the Committee:

> (a)    becoming familiar with and analyzing, to the extent Jefferies deems appropriate, the business, operations, properties, financial condition and prospects of the Debtors;
>
> (b)    advising the Committee on the current state of the "restructuring market;"
>
> (c)    assisting and advising the Committee in examining and analyzing any strategy, potential or proposed restructuring, amending, redeeming or otherwise adjusting the Debtors' outstanding indebtedness or overall capital structure, whether pursuant to a plan of reorganization, any sale under section 363 the Bankruptcy Code, a liquidation, or otherwise (a "Transaction"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Transaction;
>
> (d)    assisting and advising the Committee in evaluating and analyzing the proposed implementation of any Transaction, including the value of the securities or debt instruments, if any, that may be issued in any such Transaction;

(e)     assisting and advising the Committee in evaluating potential financing transactions by the Debtors;

(f)     assisting and advising the Committee on tactics and strategies for negotiating with other stakeholders;

(g)     attending meetings of the Committee with respect to matters on which Jefferies has been engaged to advise the Committee hereunder;

(h)     providing testimony, as necessary and appropriate, with respect to matters on which Jefferies has been engaged to advise the Committee hereunder, in any proceeding before the Bankruptcy Court;

(i)     rendering such other financial advisory services as may from time to time be agreed upon by the Committee and Jefferies, including, but not limited to, providing expert testimony, and other expert and financial advisory support related to any threatened, expected, or initiated litigation; and

j)     in addition, upon the request of the Committee, Jefferies shall assist with refinancing the Company's current debtor in possession credit agreement (a "Capital Raise").

ORDERED that Jefferies shall be compensated on the terms and at the times specified in the Agreement and Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any applicable Bankruptcy Rules and Local Rules, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court or any guidelines regarding submission and approval of fee applications, Jefferies and its professionals shall only be required to provide summary time records for services rendered to the Committee in one-half hour increments; and it is further

ORDERED that in addition to compensation for professional services rendered by

3

Jefferies, pursuant to the terms of the Agreement, Jefferies is entitled to reimbursement by the

Debtors for reasonable expenses incurred in connection with the performance of its engagement

under the Agreement; and it is further

ORDERED that, except as provided in the following paragraph, the terms of the Monthly

Advisory Fee and the Completion Fee, each as defined in the Agreement, shall not hereafter be

subject to challenge except under the standard of review set forth in section 328(a) of the

Bankruptcy Code; and it is further

ORDERED that the United States Trustee retains all rights to object to Jefferies' interim

and final fee applications (including expense reimbursements) on all grounds including but not

limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it

is further

ORDERED that that the Debtors will be bound by the indemnification provisions of the

Agreement and will indemnify and hold harmless Jefferies and its affiliates, and their respective

directors, officers, managers, members, partners, employees, agents and controlling persons

(collectively the "Indemnified Persons"), pursuant to the indemnification provisions of the

Agreement; provided that all requests of Jefferies for payment of indemnity pursuant to the

Agreement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to the

terms of the Agreement and is reasonable based upon the circumstances of the litigation or

settlement in respect of which indemnity is sought, provided, however, that in no event shall

Jefferies be indemnified if the Debtors or a representative of the estates, assert a claim for, and a

court determines by final order that such claim arose out of the gross negligence, willful

misconduct or fraud of Jefferies; and it is further

ORDERED that to the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Agreement, the terms of this Order shall govern; and it is further

ORDERED that the relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7; and it is further

ORDERED that notwithstanding any provision to the contrary in the Application or the Agreement, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated: _____, 2010          _____
     Wilmington, DE                     THE HONORABLE KEVIN GROSS
                                         UNITED STATES BANKRUPTCY JUDGE

5