# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| CARIBBEAN PETROLEUM CORP., *et al.*, [1] | ) | 10-12553 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DECLARATION OF LEON SZLEZINGER IN CONNECTION WITH THE RETENTION OF JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>EFFECTIVE AS OF AUGUST 26, 2010</u>

I, Leon Szlezinger, hereby declare under penalty of perjury under the laws of the

United States of America that, to the best of my knowledge and belief, and after reasonable

inquiry, the following is true and correct:

1.      I am a Managing Director of Jefferies & Company, Inc. ("<u>Jefferies</u>"), an

investment banking firm with its principal office located at 520 Madison Avenue, New York,

NY 10022 and with offices located world-wide.  I am duly authorized to make and submit this

Declaration[2] on behalf of Jefferies in accordance with section 1103(b) of title 11 of the United

States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>") and Rules 2014 and

5002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), in support of the

Application of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Caribbean

Petroleum Corp., *et al.* and its affiliated debtors and debtors in possession (the "<u>Debtors</u>"), for an

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417).  The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

[2] Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Order, pursuant to 11 U.S.C. §§ 328(a) and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Bankruptcy Rule 2014-1, authorizing the employment and retention of Jefferies as financial advisors to the Committee (the "Application").

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[3]

3.      I believe that Jefferies and the professionals it employs are uniquely qualified to advise the Committee in the matters for which Jefferies is proposed to be employed.

**A.      Jefferies' Qualifications**

4.      Jefferies is a full-service investment banking firm with its principal office located at 520 Madison Avenue, New York, New York 10022. It is a registered broker-dealer with the United States Securities and Exchange Commission, and a member of the Boston Stock Exchange, the International Stock Exchange, the Financial Industry Regulatory Authority, the Pacific Stock Exchange, the Philadelphia Stock Exchange, and the Securities Investor Protection Corporation. Jefferies was founded in 1962 and is a wholly-owned subsidiary of Jefferies Group, Inc., which is a public company and, together with its subsidiaries, has gross assets of approximately $28 billion, annual revenues of more than $2 billion and approximately 2,700 employees in more than 25 offices around the world.

5.      Jefferies provides a broad range of corporate advisory services to its clients including, without limitation, services relating to: (i) general financial advice; (ii) mergers, acquisitions, and divestitures; (iii) special committee assignments; (iv) capital raising; and (v) corporate restructurings. Jefferies and its senior professionals have extensive experience in the reorganization and restructuring of troubled companies, both out-of-court and in chapter

---

[3] Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Jefferies and are based on information provided by them.

11 proceedings. The employees of Jefferies have advised debtors, creditors, equity constituencies, and purchasers in many reorganizations. Since 2007, these professionals have been involved in over 100 restructurings representing over $145 billion in restructured liabilities.

6. Jefferies has extensive experience in reorganization cases and has an excellent reputation for services it has rendered in large and complex chapter 11 cases, on behalf of debtors, creditors and creditors' committees throughout the United States. Cases that Jefferies has advised on include: In re Medical Staffing Network Holdings Inc., Case No. 10-29101 (BKC-EPK) (Bankr. S.D. Florida July 2, 2010); In re Uno Restaurant Holdings Corporation, Case No. 10-10209 (MG) (Bankr. S.D.N.Y. January 20, 2010); In re Spheris Inc., Case No. 10-10352 (KG) (Bankr. D. Del. Feb. 3, 2010); In re FairPoint Communications, Inc., Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Oct. 26, 2009); In re Nortel Networks, Inc., Case No. 09-10138 (KG) (Bankr. D. Del. Jan. 14, 2009; In re RathGibson, Inc., Case No. 09-12452 (CSS) (Bankr. D. Del. Jul. 13, 2010); In re Sea Launch Company, LLC, Case No. 09-12153 (BLS) (Bankr. D. Del. Jun. 22, 2010); In re DBSD North America, Inc., Case No. 09-13061 (REG) (Bankr. S.D.N.Y. May 15, 2009); In re Accuride Corporation, Case No. 09-13449 (BLS) (Bankr. D. Del. Oct. 8, 2009); In re AbitibiBowater, Inc., Case No. 09-11296 (KJC) (Bankr. D. Del. Apr. 16, 2009); In re Aventine Renewable Energy Holdings, Inc., Case No. 09-11214 (KG) (Bankr. D. Del. Apr. 7, 2009); In re Extended Stay Inc., Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. Jun. 15, 2009); In re Tronox Incorporated, Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Jan. 11, 2009); In re Circuit City Stores Inc., Case No. 08-35663 (KRH) (Bankr. E.D. Virginia Nov. 10, 2008); In re Quebecor World (USA) Inc., Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Jan. 21, 2008); In re AmeriServe Food Distribution, Inc., Case No. 00-358 (PJW) (Bankr. D. Del. Jun. 27, 2000); In re Ames Dep't Stores, Inc., Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Dec. 21,

2001); <u>In re Bally Total Fitness of Greater New York, Inc.</u>, Case No. 08-14818 (BRL) (Bankr.

S.D.N.Y. Feb. 10, 2009); <u>In re Diamond Brands Operating Corp.</u>, Case No. 01-1825 (RB)

(Bankr. D. Del. Jul. 24, 2001); <u>In re Federal-Mogul Corp.</u>, Case No. 01-10578 (JKF) (Bankr. D.

Del. Jan. 24, 2002); and <u>In re Delphi Corp.</u>, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Jun. 9,

2006).

**B.      The Services to be Provided by Jefferies**

       7.      If the Application is approved, Jefferies, in its capacity as the Committee's

financial advisors, as outlined in the Engagement Letter, will provide investment banking and

other related services as contemplated in the Engagement Letter and as may be requested by the

Committee, including, but not limited to the following:[4]

> (a)      becoming familiar with and analyzing, to the extent
> Jefferies deems appropriate, the business, operations,
> properties, financial condition and prospects of the Debtors;
>
> (b)      advising the committee on the current state of the
> "restructuring market";
>
> (c)      assisting and advising the Committee in examining
> and analyzing any strategy, potential or proposed
> restructuring, amending, redeeming or otherwise adjusting
> the Debtors' outstanding indebtedness or overall capital
> structure, whether pursuant to a plan of reorganization, any
> sale under section 363 the Bankruptcy Code, a liquidation, or
> otherwise (a "Transaction"), including, where appropriate,
> assisting the Committee in developing its own strategy for
> accomplishing a Transaction;
>
> (d)       assisting and advising the Committee in evaluating
> and analyzing the proposed implementation of any
> Transaction, including the value of the securities or debt
> instruments, if any, that may be issued in any such
> Transaction;

---

[4] This Declaration summarizes the terms of the Engagement Letter.  To the extent there is a conflict between the Declaration and the Engagement Letter, the Engagement Letter will govern.

(e)    assisting and advising the Committee in evaluating potential financing transactions by the Debtors;

(f)    assisting and advising the Committee on tactics and strategies for negotiating with other stakeholders;

(g)    attending meetings of the Committee with respect to matters on which Jefferies has been engaged to advise the Committee hereunder;

(h)    providing testimony, as necessary and appropriate, with respect to matters on which Jefferies has been engaged to advise the Committee hereunder, in any proceeding before the Bankruptcy Court;

(i)    rendering such other financial advisory services as may from time to time be agreed upon by the Committee and Jefferies, including, but not limited to, providing expert testimony, and other expert and financial advisory support related to any threatened, expected, or initiated litigation; and

j)    in addition, upon the request of the Committee, Jefferies shall assist with refinancing the Company's current debtor in possession credit agreement (a "Capital Raise").

8.    In order to perform these services in a cost-effective manner, Jefferies will endeavor to coordinate all of its services to the Committee with the other professionals retained in these cases so as to minimize (and, wherever possible, avoid) any unnecessary duplication of services and lessen any potential burden on the Debtors and their professional advisors.

**C.    Jefferies Disclosure Concerning Conflicts of Interest**

9.    In connection with its retention by the Committee, Jefferies researched its client database to determine whether it has any relationships with the entities listed in Schedule A attached hereto (the "Interested Parties"),[5] as follows:

a)    The Debtors and their current and former affiliates;

---

[5] Jefferies performed a review of the connections between Jefferies and significant creditors, stockholders or other parties in interest with respect to the chapter 11 cases based upon the list of names provided by Debtors' counsel as the most current list of parties which may have a claim or interest in or be involved.

b)  The Non-Debtor Affiliates;

c)  The Debtors' current and recent former officers and directors;

d)  The Debtors' professionals;

e)  The Debtors' secured lenders;

f) Holders of largest unsecured claims;

g) Unions;

h) Utility providers;

i) Litigation parties;

j) Insurance providers;

k) Equity holders; and

l) Other parties.

10.    Except as may be otherwise set forth herein, to the best of my knowledge, Jefferies, its principals and professionals (i) do not have any connection with the Debtors or their affiliates, their creditors or any other party in interests, and (ii) do not represent any other entity having an adverse interest in connection with these cases.  Jefferies does not, has not and will not represent any entity, other than the Committee, in matters related to the chapter 11 cases.

11.    As part of this inquiry, Jefferies entered the names of Interested Parties into a computer database containing the names of all clients and conflict information concerning the clients of Jefferies.  This inquiry revealed that certain of the Interested Parties were current or former Jefferies clients (the list of such clients is referred to herein as the "Client Match List").  Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Jefferies' professionals responsible for certain clients listed on the Client Match List, Jefferies determined that the representation of, or relationship with, the clients

6

on the Client Match List concerned matters unrelated to the Debtors.  In particular, to the best of my knowledge, information and belief, Jefferies (a) currently represents or formerly represented the entities identified in <u>Schedule B</u> annexed hereto on matters unrelated to these cases and (b) either made a market in and/or published research on the securities of the entities identified in <u>Schedule C</u> annexed hereto.

12.     As to the remainder of the individuals and entities set forth in paragraph 9 above, to the best of my knowledge, Jefferies has not been employed by or rendered advisory services to any of them within the past five years.  Additionally, Jefferies attempted to search all current engagements for known relationships or interests of the Debtors or non-Debtor affiliates and none were identified.

13.     Jefferies is a global investment banking firm with broad activities covering trading in equities, convertible securities and corporate bonds in addition to its investment banking and financial advisory practice.  With more than 80,000 customer accounts around the world, it is possible that one of its clients or a counter-party to a security transaction may hold a claim or otherwise is a party-in-interest in the chapter 11 cases.  Furthermore, as a major market maker in equity securities as well as a major trader of corporate bonds and convertible securities, Jefferies regularly enters into securities transactions with other registered broker-dealers as a part of its daily activities.  Some of these counter-parties may be creditors of the Debtors.  Jefferies believes none of these business relationships constitute interests materially adverse to the Debtors' estates herein in matters upon which Jefferies is to be employed, and none are in connection with these cases.

14.     Certain affiliates of Jefferies serve as managers for a number of investment vehicles (the "<u>Managed Funds</u>").  The Managed Funds are intended principally for

investments by third parties unrelated to Jefferies.  However, such investors also may include financial institutions (some of which may be parties-in-interest in these cases), or affiliates of Jefferies and various of its officers and employees (some of which may include Jefferies employees providing services in connection with the chapter 11 cases).  Jefferies' employees working in connection with the chapter 11 cases have no control over investment decisions or business decisions made for the Managed Funds.  With respect to these Managed Funds, Jefferies makes the following additional disclosures:

    a.   Among other things, the Managed Funds are (a) active direct investors in a number of portfolio companies (the "Equity Investments") and (b) investors in a variety of debt instruments and mezzanine loans or similar securities (the "Income Investments," and together with the Equity Investments, the "Portfolio Holdings"); and

    b.   The fund managers of the Managed Funds maintain investment control over investment decisions with respect to the Portfolio Holdings.  Many financial institutions and parties-in-interest who may be involved in the chapter 11 cases may also be investors in the Managed Funds.  Moreover, the Managed Funds may invest from time to time in Portfolio Holdings of or relating to the Debtors or parties-in-interest in these cases.  In order to comply with securities laws, and to avoid any appearance of impropriety, the employees of the Managed Funds are strictly separated from the employees of Jefferies.  Jefferies maintains a strict separation between its employees assigned to the chapter 11 cases and employees involved in the management of Jefferies' investment banking division, on the one hand, and other employees of Jefferies (e.g., sales and trading employees) and its affiliates (including the employees of the Managed Funds), on the other hand.  This separation is

maintained through the use of information walls.  These information walls include physical and technological barriers, compliance and surveillance mechanisms and policies and procedures designed to prevent confidential information from being shared improperly.  Consequently, as no confidential information concerning the Debtors is permitted to be communicated to any persons working for the Managed Funds, Jefferies does not believe that the relationships outlined above constitute adverse interests or render Jefferies not disinterested in the chapter 11 cases.

15.     Jefferies also has a debt securities and bank loan trading affiliate, Jefferies High Yield Trading, LLC ("<u>JHYT</u>").  JHYT is a legally separate entity and is separated from Jefferies' investment banking department and its managing directors and employees advising the Debtors (including the financial advisory professionals working on these cases), by an information barrier.  As part of its regular business operations, JHYT may trade securities and other instruments, including on behalf of creditors, equity holders, other parties in interest and/or JHYT or its affiliates, including the managing directors or employees of Jefferies and/or its affiliates.  Jefferies understands that JHYT may in the future hold debt instruments of the Debtors.  Jefferies has in place compliance procedures to ensure that no confidential or non-public information concerning the Debtors has been or will be made available to employees of JHYT.

16.     Jefferies will not, during its engagement in these cases, trade in any securities of the Debtors for or on its own account, and any such trading on account of Jefferies' customers will be conducted only at clients' direction, with Jefferies acting solely as such clients' agent.

17.     The Debtors have numerous creditors and relationships with various individuals and entities that may be parties in interest in these cases.  Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, Jefferies is unable to state with certainty whether one of its clients or an affiliated entity holds a claim or otherwise is a party in interest in the chapter 11 cases.  If Jefferies discovers any information that is contrary to or pertinent to the statements made herein, Jefferies will disclose such information to the Court on notice to creditors and the United States Trustee promptly.  Jefferies does not advise, has not advised, and will not advise any entity, other than the Committee, in matters related to the chapter 11 cases.

18.     Also, as part of its diverse global activities, Jefferies is involved in numerous cases, proceedings and transactions involving many different professionals, attorneys, accountants and financial consultants, some of which may represent claimants and parties-in interest in the chapter 11 cases.  Further, Jefferies has in the past, and may in the future, be represented by several attorneys and law firms in the legal community, some of whom may be involved in these cases.  In addition, Jefferies has in the past, and may in the future, be working with or against other professionals involved in these cases in matters wholly unrelated to these cases.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute interests materially adverse to the Committee herein in matters upon which Jefferies is to be employed, and none are in connection with these cases.

19.     From time to time, Jefferies has provided investment banking, financial advisory and/or consulting services to certain creditors and other parties in interest in matters wholly unrelated to the chapter 11 cases.  Jefferies has informed the Committee that, during its

retention in the chapter 11 cases it will not provide services to any entity having an adverse interest in connection with any matters relating to the chapter 11 cases.  However, given its diverse practice and client base, Jefferies may provide services to clients in matters unrelated to the chapter 11 cases, who are or become creditors of the Debtors or who may have interests adverse to the Debtors' creditors in unrelated matters.

**D.     PROFESSIONAL COMPENSATION**

20.     As of the date of this Declaration, Jefferies has received no compensation for its work on behalf of the Committee.

21.     The Fee Structure set forth in the Application is consistent with Jefferies' typical fee for work of this nature.  The fees are set at a level designed to compensate Jefferies fairly for the work of its professionals and assistants and to cover fixed and routine overhead expenses.  It is Jefferies' policy to charge its clients for all disbursements and expenses incurred in the rendition of services.

22.     It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys.  Jefferies' restructuring professionals, when formally retained in chapter 11 cases, and when required by local rules, do, and in the chapter 11 cases will, keep time records describing their general daily activities, the identity of persons who performed such tasks and the estimated amount of time expended on each activity on a daily basis.  Jefferies' restructuring personnel do not maintain their time records on a "project category" basis.  I believe that for Jefferies to recreate the time entries for its restructuring personnel and require its non-restructuring personnel to record their time as prescribed by the Local Rules would be, in each case, unduly burdensome and time-consuming.

23.     The Fee Structure is comparable to those generally charged by financial advisory and investment banking firms of similar stature to Jefferies and for comparable

engagements, both in and out of court, and reflect a balance between a fixed, monthly fee, and a contingency amount which are tied to the consummation and closing of the transactions contemplated in the Engagement Letter.

24.     The indemnification provisions of the Engagement Letter are a reasonable term and condition of Jefferies' engagement.  Unlike the market for other professionals that a debtor or committee may retain, indemnification is a standard term of the market for financial advisors and investment bankers.  In fact, the Indemnity is comparable to those generally obtained by financial advisory and investment banking firms of similar stature to Jefferies and for comparable engagements, both in and out of court.

25.     The proposed retention is reasonable and based on the customary compensation charged by Jefferies and comparably skilled practitioners in matters outside and other than chapter 11 cases, as well as cases under chapter 11, and has been approved and implemented in not just this jurisdiction but also in chapter 11 cases elsewhere.  Indeed, the entire engagement as set forth in the Engagement Letter is common within the industry and reflects what is considered to be "market" both in and out of chapter 11 proceedings, in each case, in light of Jefferies' experience in reorganizations and the scope of work to be performed pursuant to its retention.

26.     Other than as set forth above, there is no proposed arrangement between the Committee and Jefferies for compensation to be paid in these cases.  Jefferies has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

27.     Other than as set forth above, no other arrangement is proposed between the Committee and Jefferies for compensation to be paid in these cases.

**E.       Disinterestedness**

28.       Except as described herein, Jefferies is not a creditor, an equity security holder, or an insider of the Debtors.

29.       Jefferies is not and was not within two years before the Petition Date, a director, officer, or employee of the Debtors.

30.       Jefferies does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship, connection with, or interest in, the Debtors or for any other reason.

31.       Jefferies recognizes that there is an ongoing obligation to disclose relevant information with respect to the matters contained herein.  Jefferies will file supplemental declarations regarding this retention if any additional relevant information comes to its attention.

32.       The foregoing constitutes the statement of Jefferies pursuant to section 504 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 5002.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 24, 2010

JEFFERIES & COMPANY, INC.

Leon Szlezinger
Managing Director
Jefferies & Company, Inc.
520 Madison Avenue, 7th Floor
New York, New York 10022

**SCHEDULE A**

**CARIBBEAN PETROLEUM CORP., *ET AL.***

**LIST OF INTERESTED PARTIES SEARCHED**

**Debtors**
Caribbean Petroleum Corporation
Caribbean Petroleum Refining L.P.
Gulf Petroleum Refining (Puerto Rico) Corporation

**Other Names Debtors Are Known As**
CAPECO

**Officers and Directors of Caribbean Petroleum Corporation**

| | |
|---|---|
| Gad Zeevi | President, Chairman of the Board of Directors |
| Dariush Lavian | Chief Executive Officer |
| Kevin Lavin | Chief Restructuring Officer |
| Roy Messing | Restructuring Officer |
| Nicolás López Peña | Chief Financial Officer |
| Silvestre M. Miranda, Esq. | Secretary |
| Emma Ortiz | Comptroller |
| Ram Zeevi | Director |
| Eduardo del Valle | Director |
| Haim Bergstein | Director |
| Avi Finkleman | Director |
| Eric Guzman | Marketing Director |
| Norma Cotti | In House Counsel & Human Resources Manager |
| Sonia Toldeo | Information Technology |

**Officers and Directors of Gulf Petroleum Refining (Puerto Rico) Corporation**

| | |
|---|---|
| Gad Zeevi | President, Chairman of the Board of Directors |
| Dariush Lavian | Chief Executive Officer |
| Kevin Lavin | Chief Restructuring Officer |
| Roy Messing | Restructuring Officer |
| Silvestre M. Miranda, Esq. | Secretary |
| Ram Zeevi | Director |
| Eduardo del Valle | Director |
| Haim Bergstein | Director |

**Officers of Caribbean Petroleum Refining L.P.**

| | |
|---|---|
| Gad Zeevi | President |
| Dariush Lavian | Chief Executive Officer |
| Kevin Lavin | Chief Restructuring Officer |
| Roy Messing | Restructuring Officer |
| Nicolás López Peña | Chief Financial Officer |
| Silvestre M. Miranda, Esq. | Secretary |
| Emma Ortiz | Comptroller |
| Julio Hernandez | Refinery Manager |
| Norberto Sepulveda | Planning & Economics |

| | |
|---|---|
| Norma Cotti | In House Counsel & Human Resources Manager |
| Sonia Toldeo | Information Technology |

**<u>Secured Lenders</u>**
Banco Popular de Puerto Rico
Federal Deposit Insurance Corporation
Firstbank Puerto Rico
Lexel Establishment
Department of Treasury for the Commonwealth of Puerto Rico (Hacienda)
Hacienda Special Contribution
Centro de Recaudacion de Ingresos Municipales (CRIM)
Western Bank Puerto Rico

**<u>Holders of Largest Unsecured Claims</u>**
Inpecos, A.G.
Lexel Establishment
Centro de Recaudacion de Ingresos Municipales (CRIM)
United States Coast Guard
Oil Resources International (ORI)
Gobierno Municipal de Bayamón (Oficina Director de Finanzas)
National Response Corporation
Chevron Texaco
Secretario de Hacienda
Chemical Cleaning Engineering Specialists, Inc.
Constructora Rodriguez Sevilla
Caleb Brett USA, Inc.
McConnell Valdés LLC
Las Americas Petroleum Service
Industrial Hydrovac Services
Kevane Soto Pasarell Grant & Thorton
El Dorado Tech Services
Mellon Global Securities Services
Geva Engineering Group Corp.
AEE
Test Environmental, Inc.
Inversiones Caribe Delta
Purvin & Gertz, Inc.
Silvestre Rodriguez – Electrical Services
David Hernandez Romero
PDCM Associates, S.E.
Camioneros Cooperativa de Transporte
Environmental Protection Agency
Astra Oil Company
Federal Deposit Insurance Corporation
Credit Suisse AG

William Morales (legal case)
Jesus F. Trillas (legal case)
Landron & Vera, LLP
G4 Security Services, Inc.
Miguel A. Berrios, Inc.
Anderson, Mulholland & Associates
U.S. Trustee Payment Center
Comite de Energia de Puerto Rico y El Caribe Inc.

**Significant Professionals Retained or Previously Retained by Debtors**
Cadwalader, Wickersham & Taft LLP
Kurtzman Carson Consultants LLC
Richards, Layton and Finger P.A.
FTI Consulting Inc.
McConnell Valdes LLC
Landron & Vera, LLP
Ramirez Lavanero & Associates
Cotto Malley
Jose A. Cepeda Rodriguez
Hanify & King
Duane Morris
Antonio J. Cabrero
Reed Smith
Poorman Douglas
Ronald Rosanbaum
Stephen Gordon
Angel F. Rossy Garcia
Minsky McCormick
Proskauer Rose LLP
Cole, Scholtz, Meisel, Forman & Leonard
Bandera Resources, Inc.
Uzi Halevy
Baker Risks
Larry Polin
Pat Hammock
CSA
Altol Petroleum
Las Americas Petroleum
NY Mellon Bank
Watson Wyatt
Valdes, Garcia
LT Hawthorne & Co.
Anderson Mulholland
Miguel Berrios
Jorge Davila

**Unions**
Union de Trabajadores de la Industria del Petroleo

**Significant Utility Providers**
OneLink
AT&T Mobility
Puerto Rico Telephone Company (PTRC)
Puerto Rico Electric Power Authority (PREPA / AEE)
Centennial de Puerto Rico
Envision Technologies Inc.
Autoridad de Acueductos y Alcantarillados de Puerto Rico (AAA)

**Litigation Parties**
Plaza de las Americas
Plaza del Caribe
Plaza Guaynabo
Hector Fernandez
Gulf Santa Paula
Carlos Gual
Jaime Zorba Rivera
A.G.G. & Co., Inc.
Ahustin Colon Dueño
Agustin Rodriguez
Autoridad de Carreteras
RC Diesel Express Corp.
Israel Benitez
David Lopez Merced
Miguel Ortiz Santos
Carlos Echevarria y/o Yates
Antonio Rivera Diaz
Rafael Cruz Velazquez
Miguel Andino Pastrana
Yakari Petroleum Services
VB Investment, Inc.
Arturo Rivera Marin
Daniel Rodriguez Triff
Efrain Santana
Evelyn Torres
Jaime Zorba Rivera
Manuel A. Arroto Flores
Manuel A. Colon Cabrera
Plomelectric de Santurce, Inc.
William Morales Martinez
Yamil Abdel Raman
Abraham Petroleum
Corporacion los Hermanos

Eduardo Ruiz Valentin
Logan Diving
Enrique Ramos Soto
Hipolito Gomez

**Insurance Providers**
AIG/AIICO
Liberty Mutual
ACE (Westchester Surplus Lines)
Navigators
Liberty International Underwriters
AON
CIGNA

**Significant Equity Holders**
Oil Resources International (ORI)
First Oil International, Ltd.
GTRIMG Ltd.
GTRIMG Foundation Vaduz

**Other Parties**
AOT Holding Ltd.

# SCHEDULE B

**CARIBBEAN PETROLEUM CORP.,** *ET AL.*

**DISCLOSURES REGARDING INTERESTED PARTIES CURRENTLY OR FORMERLY
REPRESENTED BY JEFFERIES ON MATTERS UNRELATED TO THESE CASES**

| Party | Relationship |
|---|---|
| CIGNA Healthcare | CIGNA is Jefferies' healthcare provider. |
| Chevron Texaco | Current or former client on a matter unrelated to these cases. |
| Credit Suisse AG | Jefferies has numerous relationships with this lender in other capacities. We do not believe any of the relationships pose a conflict of interest in this case. |
| NY Mellon Bank | Jefferies has numerous relationships with this lender in other capacities. We do not believe any of the relationships pose a conflict of interest in this case. |
| AT&T Mobility | Current or former client on a matter unrelated to these cases. |
| AIG/AIICO | Current or former client on a matter unrelated to these cases. |
| AON | Current or former client on a matter unrelated to these cases. |

## SCHEDULE C

**CARIBBEAN PETROLEUM CORP.,** *ET AL.*

**DISCLOSURES REGARDING INTERESTED PARTIES WITH RESPECT TO WHOM JEFFERIES EITHER MADE A MARKET IN AND/OR PUBLISHED RESEARCH ON THEIR SECURITIES**

| Party | Relationship |
|---|---|
| G4 Security Services, Inc. | Jefferies makes a market in securities of G4S Plc. |
| AT&T Mobility | Jefferies publishes research on AT&T, Inc. |