# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re                                        :    Chapter 11
:
CARIBBEAN PETROLEUM CORP., et al.,[1]        :    Case No. 10-12553 (KG)
:
                      Debtors.               :    Jointly Administered
                                             :    *Re Dkt Nos. 185+196*
------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion dated September 24, 2010 (the "Motion")[2] of Caribbean Petroleum Corporation, Caribbean Petroleum Refining L.P., and Gulf Petroleum Refining (Puerto Rico) Corporation, as debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and collectively, the "Debtors") pursuant to sections 501 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3002, 3003, 3005, 5005, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (i) establishing deadlines and procedures for filing proofs of claim in the Debtors' chapter 11 cases, and (ii) approving the form and manner of notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and it appearing that no further notice need be provided; and the Court having found and determined that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust), other than governmental units, that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to August 12, 2010 (the "Petition Date"), is required to file an original, written proof of such claim (a "Proof of Claim") that substantially conforms to the form Proof of Claim attached hereto as Exhibit 1 (the "Proof of Claim Form") or Official Form 10, so as to be **actually received** on or before **November 17, 2010 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date"); and it is further

ORDERED that the deadline by which a governmental unit (as defined in section 101(27) of the Bankruptcy Code) may file a Proof of Claim is **February 8, 2011 at 5:00 p.m. (prevailing Eastern Time)** (the "Government Bar Date"); and it is further

ORDERED that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim with respect to such claim on or before the later of either (i) the General Bar Date, or (ii) a date provided in an order of the Court authorizing the rejection of the respective executory contract or unexpired

lease, or if no date is provided, thirty (30) calendar days after entry of the order authorizing such rejection (the "Rejection Damage Claim Bar Date"); and it is further

ORDERED that if the Debtors amend or supplement their schedules of liabilities subsequent to service of the Bar Date Notice (as defined below) in a manner that changes the amount, nature, classification or characterization of a debt owing to a creditor, and the affected creditor does not agree with such amendment or supplement, then the affected creditor must file a Proof of Claim on the later of (i) the applicable Bar Date or (ii) twenty-one (21) calendar days after the date on which the Debtors provided notice of such amendment or supplement (or another time period as may be fixed by the Court) (the "Amended Schedule Bar Date"); and it is further

ORDERED that notwithstanding the foregoing, the following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date:

   a. any person or entity that has already properly filed, with the Clerk of the Court or the Debtors' claim agent, Kurtzman Carson Consultants LLC ("KCC"), a Proof of Claim against all Debtors against which such person or entity has a claim, in a form that substantially conforms to the Proof of Claim Form or Official Form 10;

   b. any person or entity whose claim is listed on the Debtors' schedules of liabilities, provided that (i) such claim is **not** described as disputed, contingent, or unliquidated, (ii) such person or entity does **not** dispute the amount, nature or priority of the claim as set forth in the Debtors' schedules of liabilities, and (iii) such person or entity does **not** dispute that such claim is an obligation of the specific Debtor as set forth in the Debtors' schedules of liabilities;

   c. any person or entity that holds a claim that has already been allowed by an order of this Court entered on or before the applicable Bar Date;

   d. any person or entity whose claim has already been paid in full by any of the Debtors or any other party;

   e. any holder of a claim for which a specific deadline to file a Proof of Claim has previously been fixed by this Court (by which deadline such holder should file a Proof of Claim);

f. any Debtor holding a claim against another Debtor;

g. any person or entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code, which, despite its priority status, is a prepetition claim and subject to the General Bar Date as set forth above to the extent that such claim has not been paid);

h. any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; provided, however, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies; and

i. any employee whose claim was previously authorized by order of this Court to be satisfied by the Debtors in the ordinary course of business as a wage or benefit; provided, however, that such employee must submit a Proof of Claim by the General Bar Date if such employee disputes the amount of his or her previously authorized claim or if his or her claim relates to damages arising from claims for wrongful termination, discrimination, or workers' compensation insurance;

and it is further

ORDERED that the Debtors' prepetition lender, Banco Popular de Puerto Rico ("Banco Popular"), shall not be required to file a Proof of Claim with respect to any obligations under that certain Loan and Security Agreement, dated as of March 22, 2003 (as amended, restated, modified or supplemented from time to time, the "Prepetition Loan Agreement") by and between the Banco Popular (as assignee of Westernbank Puerto Rico), Caribbean Petroleum Corporation and Caribbean Petroleum Refining L.P., as borrowers, and certain guarantors; and it is further

ORDERED that the Debtors' acknowledgements set forth in paragraph 9 of this Court's *Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Senior Secured*

*Financing, (B) Use Cash Collateral, (C) Grant Liens and Superpriority Claims to the Postpetition Lender, and (D) Provide Adequate Protection to the Prepetition Lender and (II) Granting Related Relief* (Docket No. 148), entered on September 10, 2010, shall be deemed a timely filed Proof of Claim on behalf of Banco Popular on account of the obligations under the Prepetition Loan Agreement; and it is further

ORDERED that the Proof of Claim Form, substantially in the form attached hereto as Exhibit 1, is approved in all respects, and the Debtors are directed, with the assistance of KCC, to include the following information on every Proof of Claim Form that they provide to a creditor, to the extent such information is reflected on the Debtors' schedule of liabilities: (a) the amount of such creditor's claim against the applicable Debtor, (b) the type of claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured), and (c) whether such claim is contingent, unliquidated or disputed. Any person or entity who desires to rely on the Debtors' schedules of liabilities will have the responsibility for determining that their claim is accurately listed in such schedules and is authorized to correct any information contained in the Proof of Claim Form that is missing, incorrect or incomplete; and it is further

ORDERED that the following procedures shall govern the completion and filing of Proofs of Claim:

- a. Each Proof of Claim must (i) be written in the English or Spanish language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the Proof of Claim Form or Official Form 10, (iv) indicate the Debtor against which the creditor is asserting a claim (and if a creditor asserts a claim against more than one Debtor, a separate proof of claim must be filed with respect to each Debtor), and (v) be executed by the individual to whom service of any papers relating to such claim shall be directed.

- b. Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; provided,

however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors; provided, further, that any creditor that received such written consent shall be required to transmit such documentation to the Debtors upon request no later than ten (10) days from the date of such request.

c.  The **original** Proofs of Claim must be delivered in person, by courier service, by hand delivery or by mail so as to be **actually received** by KCC on or before the applicable Bar Date at the following address:

> Caribbean Petroleum Claims Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

**Proofs of Claim sent by facsimile, telecopy or electronic mail will not be accepted.**

d.  As set forth in the proposed Proof of Claim Form, if a creditor wishes to receive acknowledgment of receipt of such creditor's Proof of Claim, such creditor may enclose a stamped self-addressed envelope and a copy of such creditor's Proof of Claim;

and it is further

ORDERED that any person or entity that is required to file a Proof of Claim in these chapter 11 cases with respect to a particular claim against a Debtor, but that fails to properly do so in accordance with the terms of this Order on or before the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any timely claim against the Debtors that the person or entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Debtors' schedules of liabilities on behalf of such person or entity as undisputed, noncontingent and liquidated, or (ii) is of a different nature or a different classification identified in the Debtors' schedules of liabilities on behalf of such person or entity (any such claim being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan or plans of reorganization or liquidation in these chapter 11 cases in respect of an Unscheduled Claim; and it is further

ORDERED that notice of the Bar Dates and relief granted in this Order, substantially in the form attached to the Motion as Exhibit C (the "Bar Date Notice"), is approved in all respects; and it is further

ORDERED that the Debtors, with the assistance of KCC, are authorized and directed to serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class U.S. mail, postage prepaid, no later than four (4) calendar days after the date of entry of this Order, upon the following parties (the "Bar Date Notice Parties"):

a. all creditors and other known holders of claims as of the date of entry of this Order, including all persons or entities listed on the Debtors' schedules of liabilities at the addresses stated therein;

b. all parties to litigation with any of the Debtors as of the date of entry of this Order;

c. the Office of the United States Trustee for the District of Delaware;

d. counsel to the statutory committee of unsecured creditors;

e. counsel to Banco Popular;

f. all persons or entities that have requested notice of the proceedings in the Debtors' chapter 11 cases;

g. all persons or entities that have filed a Proof of Claim;

h. all holders of an equity interest in the Debtors;

i. all parties to executory contracts and unexpired leases of the Debtors;

j. the Debtors' current officers, directors, and employees;

k. the Debtors' former officers, directors, and employees to the extent that contact information for such former officers, directors, and employees is available in the Debtors' records;

l. the Internal Revenue Service;

m. all applicable state and local taxing authorities;

n. the United States Securities and Exchange Commission;

o.  the United States Environmental Protection Agency;

p.  any applicable state environmental agency;

q.  the United States Department of Justice;

r.  The United States Attorney for the District of Puerto Rico and the District of Delaware and relevant state attorneys general; and

s.  all persons and entities listed on the service list maintained by the Debtors pursuant to Local Rule 2002-1(c) as of the date of the entry of this Order;

and it is further

ORDERED that, pursuant Bankruptcy Rules 2002(l) and 9008, the Court finds that notice of the Bar Dates by mail to all potential creditors is impracticable and therefore, the Debtors are authorized and directed to give notice of the Bar Dates by publishing the Bar Date Notice, modified for publication in substantially the form attached to the Motion as Exhibit D (the "Publication Notice"), which Publication Notice is approved in all respects, in the national edition of the *New York Times*, the global edition of the *Wall Street Journal*, and *El Nuevo Dia* (in Spanish) on one occasion on or before October 12, 2010. The Publication Notice shall include a telephone number that creditors may call to obtain copies of the Proof of Claim Form, a URL for a website where the creditors may obtain copies of the Proof of Claim Form, and information concerning the procedures for filing Proofs of Claim; and it is further

ORDERED that the Debtors are authorized to enter into such transactions to effectuate the publication of the Publication Notice as provided herein, including making reasonable payments required for such publication and causing the translation of the Publication Notice into such foreign languages as they deem appropriate; and it is further

ORDERED that the Debtors are authorized to use the services of KCC, as applicable, to coordinate the processing of Proofs of Claim; and it is further

ORDERED that the form and manner of notice of the Bar Dates and the relief granted by this Order, as provided herein, constitutes good, adequate and sufficient notice thereof, satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and is approved in all respects; and it is further

ORDERED that the Debtors and their claims agent, KCC, are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing a date by which holders of claims not subject to the Bar Dates established herein must file proofs of such claims or be barred from doing so; and it is further

ORDERED that nothing in this Order shall prejudice the right of any party in interest to object to any Proof of Claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claims reflected on the Debtors' schedules of liabilities or any amendments thereto, as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to interpretation or implementation of this Order.

Dated: **Oct. 6**, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

9