IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CARIBBEAN PETROLEUM CORP., *et al.*,[1] | ) | 10-12553 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Related Docket No. 188** |

**ORDER PURSUANT TO SECTIONS 327(a), 328(a), AND 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF AUGUST 26, 2010**

Upon the application, dated September 28, 2010, of the Official Committee of Unsecured Creditors (the "Committee") of Caribbean Petroleum Corp., *et al.* (the "Debtors"), pursuant to sections 327(a), 328(a), and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, for entry of an order authorizing the Committee to employ and retain Jefferies & Company, Inc. ("Jefferies") as its financial advisor *nunc pro tunc* to August 26, 2010 (the "Application");[2] and the Committee having submitted the Szlezinger Affidavit in support of the Application; and the Court being satisfied based on the representations made in the Application and the Szlezinger Affidavit that the professionals of Jefferies who will be engaged in the chapter 11 cases represent no interest adverse to the Debtors' estates with respect to the matters upon which Jefferies is to be engaged, and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and having considered the statements of counsel and the evidence adduced with respect to the Application at

---

[1]  The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

a hearing before the Court (the "Hearing"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that the Committee is authorized to retain and employ Jefferies as its financial advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code on the terms set forth in the Engagement Letter (the "Agreement") *nunc pro tunc* to August 26, 2010, to render the following financial advisory services pursuant to the Agreement and as requested by the Committee:

> (a) becoming familiar with and analyzing, to the extent Jefferies deems appropriate, the business, operations, properties, financial condition and prospects of the Debtors;
>
> (b) advising the Committee on the current state of the "restructuring market;"
>
> (c) assisting and advising the Committee in examining and analyzing any strategy, potential or proposed restructuring, amending, redeeming or otherwise adjusting the Debtors' outstanding indebtedness or overall capital structure, whether pursuant to a plan of reorganization, any sale under section 363 the Bankruptcy Code, a liquidation, or otherwise (a "Transaction"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Transaction;
>
> (d) assisting and advising the Committee in evaluating and analyzing the proposed implementation of any Transaction, including the value of the securities or debt

instruments, if any, that may be issued in any such Transaction;

(e) assisting and advising the Committee in evaluating potential financing transactions by the Debtors;

(f) assisting and advising the Committee on tactics and strategies for negotiating with other stakeholders;

(g) attending meetings of the Committee with respect to matters on which Jefferies has been engaged to advise the Committee hereunder;

(h) providing testimony, as necessary and appropriate, with respect to matters on which Jefferies has been engaged to advise the Committee hereunder, in any proceeding before the Bankruptcy Court;

(i) rendering such other financial advisory services as may from time to time be agreed upon by the Committee and Jefferies, including, but not limited to, providing expert testimony, and other expert and financial advisory support related to any threatened, expected, or initiated litigation; and

j) in addition, upon the request of the Committee, Jefferies shall assist with refinancing the Company's current debtor in possession credit agreement (a "Capital Raise").

ORDERED that Jefferies shall apply for compensation and reimbursement of expenses on the terms and at the times specified in the Agreement and Jefferies shall file fee applications for interim and final allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any applicable Bankruptcy Rules and Local Rules, and any applicable orders of this Court; and it is further

ORDERED that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court or any guidelines regarding submission and approval of fee applications, Jefferies and its professionals shall only be required to provide summary time records for services rendered to the Committee in one-half hour increments; and it is further

#13231691 v2

ORDERED that in addition to compensation for professional services rendered by Jefferies, pursuant to the terms of the Agreement, Jefferies is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Agreement; and it is further

ORDERED that the United States Trustee retains all rights to object to Jefferies' interim and final fee applications (including expense reimbursements) on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED that the Court will review any Transaction Fee or Capital Raise Fee (i) under the standards set forth in section 330 of the Bankruptcy Code in the event that an objection is filed by the Office of the United States Trustee and (ii) under the standards set forth in section 328(a) of the Bankruptcy Code if an objection is filed by a party-in-interest other than the United States Trustee.  The Debtors and Jefferies stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the United States Trustee to challenge the reasonableness of any Transaction Fee or Capital Raise Fee under section 330 of the Bankruptcy Code.  Accordingly, nothing in this Order shall constitute a finding of fact or conclusion of law binding the United States Trustee, on appeal or otherwise, with respect to the reasonableness of any Transaction Fee or Capital Raise Fee.  Further, nothing in the Agreement shall affect or modify the standard of review applicable to an objection by the United States Trustee under this paragraph; and it is further

ORDERED that the Debtors will be bound by the indemnification provisions of the Agreement and will indemnify and hold harmless Jefferies and its affiliates, and their respective directors, officers, managers, members, partners, employees, agents and controlling persons,

#13231691 v2

pursuant to the indemnification provisions of the Agreement, as modified by this Order; and it is further

ORDERED that Jefferies shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court; and it is further

ORDERED that the Debtors shall have no obligation to indemnify Jefferies, or provide contribution or reimbursement to Jefferies, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Jefferies' gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Jefferies' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to Jefferies' gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by the Court, after notice and a hearing to be a claim or expense for which Jefferies should not receive indemnity, contribution or reimbursement under the terms of the Agreement as modified by this Order; and it is further

ORDERED that if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having becoming a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including

#13231691 v2

-6-

without limitation the advancement of defense costs, Jefferies must file an application therefor in this Court, and the Debtors may not pay any such amounts to Jefferies before the entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Jefferies for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies. All parties in interest shall retain the right to object to any demand by Jefferies for indemnification, contribution or reimbursement; and it is further

ORDERED that in the event that Jefferies seeks reimbursement for attorneys' fees relating to a request for payment of an indemnity from the Debtors pursuant to the Agreement, the invoices and supporting time records from such attorneys shall be included in Jefferies' own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether Jefferies has been retained under section 327 of the Bankruptcy Code and without regard to whether Jefferies' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Agreement, the terms of this Order shall govern; and it is further

ORDERED that the relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7; and it is further

#13231691 v2

-7-

ORDERED that notwithstanding any provision to the contrary in the Application or the Agreement, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: October **25**, 2010
Wilmington, DE

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

#13231691 v2