IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>CARIBBEAN PETROLEUM CORP., et. al.<br><br>Debtors. | Chapter 11<br><br>Case No. 10-12553 (KG)<br><br>Jointly Administered<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

## EMERGENCY MOTION REQUESTING STAY OF PROCEEDINGS RELATED TO DOCKET NO. 288 PURSUANT TO BANKRUPTCY RULE 5011(c) AND/OR IN REQUEST FOR EXTENSION OF TIME TO OBJECT

COME NOW, El Meson de Felipe, Inc., King Oil Corp., A.Y.N Investment, Efraín Soto Jirau, Elvin Visbal, Luis Raúl Coss Rivera, Manuel Goncalves, Secundino Díaz Bou, Cristóbal Peña Rodríguez, Isaac Marquez, Diego Tavarez Santana, Heriberto Vega Rosario, José Esteves, Carlos Lleras, Antonio Santos, Alfredo Guerra, Rafael Guerra, Glenda L. Rodríguez, Ernesto I. Bezares Ocasio, Juan E. Beltrán Rodríguez, Máximo Nuñez Garau, Gilberto Rivera Arriaga, Gilberto Berrios Rivera, HMF Service Station, Inc., José M. Rivera Torres, Félix Santiago Rivera, WBT Enterprises Corp., Sr. Luis Laguna Mimosa, Luis C. Crespo, Ricardo Román, CN Enterprises, Corp. and Edwin Vargas (hereinafter collectively referred to as "Retailers"), through their undersigned attorneys, and respectfully state and pray as follows:

1. On November 9, 2010, Caribbean Petroleum Corp., Caribbean Petroleum Refining, L.P. and Gulf Petroleum Refining (Puerto Rico) Corporation, (hereinafter collectively referred to as "Debtors"), filed a *Motion of Debtors Pursuant to Sections 105 and 365 of the Bankruptcy Code and*

{00005368. } 1

*Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure for Entry of an Order Authorizing Conditional Rejection of Certain Franchise Agreements* with this Honorable Bankruptcy Court for the United States District Court for the District of Delaware. [See Docket No. 288] Debtors' request constitutes a non-core proceeding, whose substantive determination of underlying legal issues –which require substantial consideration of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et. seq. ("PMPA")-does not fall within the Bankruptcy Court's jurisdiction, and the Bankruptcy Court should abstain from entertaining such matters.[1]

2. Pursuant to Docket No. 288, retailers that enjoy a franchise relationship with Debtors for the sale and supply of petroleum products under the "GULF" brand in over one hundred and fifty (150) service stations throughout the island of Puerto Rico have until today, November 17th, 2010, to object to the Debtors' motion requesting an order authorizing a conditional rejection of their franchise agreements. Said franchise relationship between Retailers and Debtors is governed by the PMPA.

3. To that effect, Retailers have filed before the United States District Court for the District of Delaware a *Motion Requesting Mandatory Withdrawal of Reference* pursuant to 28 U.S.C. § 157(d), because there are significant issues under the PMPA raised in Debtors' request for conditional rejection of the mentioned franchise agreements.

4. In the motion requesting mandatory withdrawal filed with the District Court, Retailers argue that withdrawal of reference is warranted in light of the fact that we are dealing with a case or proceeding that requires consideration and/or resolutions of both Title 11 and other laws of the United

---

[1] In connection with the motion to withdraw reference filed with the Bankruptcy Court the appearing parties will be filing a motion to determine whether the resolution of Debtors request for conditional rejection is a core-non-core proceeding. Retailers believe that the underlying legal issues to be adjudicated regarding rejection of the franchise agreements require substantial and material consideration of the PMPA.

{00005368. }                              2

States regulating organizations or activities affecting interstate commerce, as set forth by 28 U.S.C. § 157(d), and which is subject to a mandatory withdrawal.

5. In particular, Retailers moved for mandatory withdrawal because they are entitled to: (1) a jury trial; (2) resolution of Debtors' request for authorization to reject the aforementioned franchise agreements pursuant to the provisions set forth by the PMPA; (3) protection under the PMPA which governs termination and/or non renewal of the parties franchise relationship; (4) a right of first refusal as provided by the PMPA; (5) a bona fide sales offer as provided by the PMPA; (6) a non discriminatory franchise offer from the successful bidder after Debtor's market withdrawal; and (7) relief under Section 365(h) of the Bankruptcy Code as the same is applicable in the present action, and, therefore, they are entitled to retain possession and quiet enjoyment rights in the event of a rejection.

6. Hence, finality of the proceedings related to Docket No. 288 requires substantial and material consideration of the PMPA, and, as such, the matter is to be adjudicated by the District Court pursuant to 28 U.S.C. § 157(d).

7. Accordingly, pursuant to Bankruptcy Rule 5011(c), and in light of the motion requesting withdrawal of reference filed, a stay of pending matters related to Debtors' request for conditional rejection of franchise agreements is hereby requested, including the hearing set for November 24, 2010 before this Honorable Bankruptcy Court.

8. Notwithstanding, the present motion shall not constitute a waiver by the appearing parties of: (1) their right to trial by jury in any proceedings, cases or controversies; (2) any other rights, claims, actions, defenses, setoffs, recoupment or refunds which Retailers may be entitled under

agreements, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupment or refunds are expressly reserved.

9. In light of the protections afforded to Retailers by the Seventh Amendment of the Constitution of the United States, bankruptcy courts are not authorized to conduct jury trials without the consent of the parties. This is notwithstanding the fact that a matter may be classified by a court as a core proceeding and/or Congressional statutory designation of a given procedure as a core proceeding. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 106 L. Ed. 2d 26 (1989); In re Poplar Place, Inc., 13 F.3d 122 (1993); In re Tamposi Family Inv. Properties, 159 B.R. 631 (Bkrtcy. W.D. Tex. 1994).

10. Furthermore, it is in the best interest of judicial economy that this court stays pending matters related to Docket No. 288 in light of the aforementioned petition for withdrawal of reference. Otherwise, the parties and the court's resources will be devoted to a litigation effort which may be totally unnecessary once the case is referred to the District Court. It is of the utmost importance that this Honorable Bankruptcy Court avoids an unnecessary and costly duplication of litigation efforts.

11. In the event that this Honorable Court holds that proceedings related to Docket No. 288 should continue as requested by Debtors, the appearing retailers respectfully request three (3) day extension of time to be in position to file their memorandum objecting Debtors' request for authorization to conditionally reject franchise agreements executed with its retailers in Puerto Rico.

12. The aforementioned request for a three (3) day extension of time to file an objection, that is until November 22, 2010, is reasonable given the circumstances and will cause no prejudice to the resolution of the present case.

**WHEREFORE**, Retailers respectfully request this Honorable Bankruptcy Court, enter an Order: (1) staying all pending matters and/or proceedings regarding the issuance of an order authorizing Debtors request for conditional rejection of certain franchise agreements with its retailers in the Commonwealth of Puerto Rico [Docket No. 288] pursuant to Bankruptcy Rule 5011(c); (2) in the alterative, granting the appearing retailers a three (3) day extension, that is until November 22, 2010, to file its memorandum in objection to Docket No. 288; and (3) granting such other relief as is just and proper.

Date: November 17, 2010
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

/s/ Brian L. Arban
Frederick B. Rosner (DE #3995)
Brian L. Arban (DE #4511)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: 302-295-5040
arban@teamrosner.com

**SEPULVADO & MALDONADO, PSC**
Lee R. Sepulvado-Ramos
Jorge A. Galiber-Sánchez
Citibank Tower 19th Floor
252 Ave. Ponce De León
San Juan, P.R. 00918
Ph. 787.765.4949
Fax. 787.294.0073
lsepulvado@smlawpr.com
jgaliber@smlawpr.com
montanez@microjuris.com

**CARLOS E. MONTAÑEZ ALVARADO**
PO Box 362555
San Juan, PR 00936-4225
Ph: 787.726.0961/0876
Fax 787.268.3035
<u>montanez@microjuris.com</u>