## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CARIBBEAN PETROLEUM CORP., et al., | ) | Case No. 10-12553(KG) |
| | ) | (Jointly Administered |
| Debtors. | ) | |
| _____ | ) | **Re: Dkt. No 323** |

## **MEMORANDUM ORDER**

Certain retailers (the "Movants") have contracts with Debtors to operate concessions located at properties leased from Debtors, purchase petroleum products from Debtors for resale pursuant to supply and sale agreements, and/or lease real property from Debtors to operate gas stations (the "Franchise Agreements"). Debtors have moved pursuant to 11 U.S.C. § 365 (the "Rejection Motion," D.I. 288) to reject the Franchise Agreements to facilitate Debtors' sale of all or substantially all of their assets on an expedited basis.

The Movants seek protection from the Rejection Motion by invoking the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2108, *et seq*. The Movants have filed a motion to withdraw the reference (the "Withdrawal Motion") which the District Court will decide in due course. The Movants assert the following grounds for the Withdrawal Motion: (1) the PMPA is federal non-bankruptcy law which governs the Rejection Motion and affects interstate commerce, (2) the Withdrawal Motion is timely, and (3) Movants are entitled to a jury trial.

The immediate decision for the Court is the Movants' request to stay the Court's consideration of the Rejection Motion (the "Stay Motion," D.I. 323). The Court is not, at this time, deciding the applicability of the PMPA to the Rejection Motion or the merits of the Rejection Motion. Instead, the Court must decide whether the Movants are entitled to a stay of the Rejection Motion in light of the Withdrawal Motion.

## REQUIREMENTS FOR STAY

Movants must show by clear and convincing evidence that (1) there is a likelihood of success on the merits of the Withdrawal Motion; (2) they will suffer irreparable harm if the stay is denied; (3) the stay will not substantially harm the Debtors; and (4) the stay will serve the public interest.

### 1. Likelihood of Success

a.  Core or Non-core

The "likelihood of success" turns largely on the Court's determination of whether the Rejection Motion is a core or non-core matter. If core, the District Court is less likely to grant the Withdrawal Motion, even where another federal statute is involved. *Energy Dev. Corp. v. Columbia Gas Transmission Corp.* (*In re Columbia Gas Sys., Inc.*), 134 B.R. 808, 813-14 (D. Del. 1991); *In re Texaco, Inc.*, 84 B.R. 911, 922 (S.D.N.Y. 1988). Withdrawal of the reference can be highly disruptive to the progress of a case and it is especially true here. Therefore, withdrawal is not appropriate just because a non-bankruptcy federal statute is involved. *Shugrue v. Air Line Pilots Ass'n Int'l* (*In re Ionosphere Clubs, Inc.*), 922 F.2d

984, 995 (2d Cir. 1990).

The determination that a controversy is core is governed by 28 U.S.C. § 157(b)(2). A core proceeding involves, among others, matters which concern the administration of the estate and matters involving liquidation of the estate's assets or adjustment of the debtor - creditor relationship. The Third Circuit Court of Appeals has instructed that a proceeding is core (1) if it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999).

The case decisions are uniform in holding that matters involving assumption or rejection of executory contracts and leases are core proceedings. *See, e.g.*, *In re DBSI, Inc.*, 409 B.R. 720, 727 (Bankr. D. Del. 2009); *Texaco*, 84 B.R. at 922; *In re Nexus Comm'cns, Inc.*, 55 B.R. 596, 597-98 (Bankr. E.D.N.C. 1985). The Court concludes that the Movant's assertion that the PMPA is a defense to the Rejection Motion does not wrest the Rejection Motion from the core to non-core category.

    b.    <u>Withdrawal Motion</u>

The Court does not agree with the Movants' assertion that withdrawal of the reference is mandatory pursuant to 28 U.S.C. § 157(d). Movants have failed to show that (1) consideration of law outside of the Bankruptcy Code is necessary for the resolution of the case or proceeding, and (ii) the consideration of federal law outside the Bankruptcy Code necessary to resolve the proceeding is substantial and material. *Pension Benefit Guar. Corp.*

*v. Smith Corona Corp.* (*In re Smith Corona Corp.*), 205 B.R. 712, 714 (D. Del. 1996); *Pension Benefit Guar. Corp. v. Continental Airlines, Inc.* (*In re Continental Airlines, Inc.*), 138 B.R. 442, 444-45 (D. Del. 1992); *Columbia Gas*, 134 B.R. at 810.

Withdrawal will not be granted when only a straightforward application of federal law is required for resolution of the pending issue. *Columbia Gas*, 134 B.R. at 811. The Court's decision on the Rejection Motion will be limited to whether Section 365 of the Bankruptcy Code defeats the Movants' reliance on the PMPA. *In re Harrell Oil Co., Inc.*, 38 B.R. 280 (Bankr. E.D.N.C. 1984) held that the PMPA's requirements for termination do not override Section 365 considerations.

Similarly, the Court finds that the Movants are not likely to prevail on their request for permissive withdrawal of the reference pursuant to 28 U.S.C. § 157(d). The "first and most important" determination is whether the subject of the litigation is core or non-core. As the Court previously ruled, the Rejection Motion is clearly core. Movants also rely on their request for a jury trial as a basis for permissive withdrawal. The Movants right to a jury trial under the PMPA does not change the relevant determination that there is no right to a trial by jury on the Rejection Motion.

Courts have utilized additional factors when determining whether there is cause to withdraw the reference. They include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion, (3) fostering economical use of debtor-creditor resources, (4) expediting the bankruptcy process, and (5) timing of the

request for withdrawal. *Smith Corona*, 205 B.R. at 716; *Continental Airlines*, 138 B.R. at 447. The Movants have timely requested withdrawal, but do not satisfy the remaining factors. In particular, were the Court to stay the hearing on the Rejection Motion, the bankruptcy case would be delayed, not expedited.

### 2. The Movants' Irreparable Harm

Movants have not demonstrated that allowing the Rejection Motion to proceed will cause them irreparable harm. The irreparable harm requirement would require the Movants to establish that they face a substantial risk of "harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). If the Court grants the Rejection motion, the movants can pursue claims for rejection damages, 11 U.S.C. § 502(g), seek a stay or appeal. The Movants will also have the opportunity to negotiate with the purchaser of Debtors' assets.

### 3. The Debtors' Irreparable Harm

The Stay Motion exposes the Debtors to substantial harm. The Debtors have built their bankruptcy case on the prompt sale of their assets and confirmation of a plan of liquidation on a timeline which is the condition for the Debtors' postpetition financing and agreement with the Debtors' senior secured lender, Banco Popular de Puerto Rico. The Stay Motion, if granted, would halt the sale process and thereby cause substantial harm to the Debtors' efforts to maximize the value of their estates.

### 4. The Public Interest

The Movants have not demonstrated that the public interest will be served by staying the Rejection Motion. The resulting delay could jeopardize the sale of the Debtors' assets to the benefit of no one and to the detriment of all parties in interest.

### RULING

For the foregoing reasons, IT IS ORDERED this 26th day of November, 2010, that the Stay Motion is denied. The hearing on the Rejection Motion will proceed on December 1, 2010, at 1:00 p.m.

KEVIN GROSS, U.S.B.J.