## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CARIBBEAN PETROLEUM CORP., *et al.*,[1] | Case No. 10-12553 (KG) |
| Debtors. | (Jointly Administered) |

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO PUMA ENERGY INTERNATIONAL, B.V.

The Official Committee of Unsecured Creditors (the "Committee") of Caribbean Petroleum Corp., *et al.* (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this Statement in Support of the Sale of Substantially all of the Debtors' Assets to Puma Energy International, B.V. ("Puma"). In support of thereof, the Committee respectfully represents as follows:

## STATEMENT

1.      Following two full days of spirited bidding and negotiations, the auction for the sale of substantially all of the Debtors' assets concluded with the Debtors, the Committee and the Debtors' key secured lenders, Banco Popular de Puerto Rico ("BPPR") and FirstBank Puerto Rico, agreeing that the bid submitted by Puma of $82 million for substantially all of the Debtors' assets (the "Sale") represented the highest and best value for the Debtors' estates.

2.      Over the course of the auction, the Committee and BPPR also engaged in negotiations concerning a settlement of the Committee's potential claims with respect to BPPR's liens, which would permit unsecured creditors to share in the proceeds of the Sale. The Committee is pleased to report that prior to the conclusion of the auction, it was able to agree

---
[1]  The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining, L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all debtors is PO Box 361988, Puerto Rico 00936.

upon a settlement of such claims with BPPR (the "Plan Settlement")[2] which provides, among other things, that (a) the proceeds of the Sale shall be used to fund all accrued administrative and priority claims of up to $33 million[3], (b) 10% of the proceeds of the Sale (i.e., $8.2 million) shall go into a fund for the benefit of unsecured creditors (the "GUC Reserve"), (c) certain specified claims and causes of action (the "Identified Claims") held by the Debtors (including all of those listed in the Debtors' schedules and statement of financial affairs) shall also be assigned to a liquidation trust for the benefit of unsecured creditors,[4] and (d) BPPR shall also permit $1 million from the proceeds of the sale to be used to fund the liquidation trust to be created as part of the Debtors' plan of reorganization. A copy of the Plan Settlement term sheet agreed to by BPPR and the Committee is attached as Exhibit A.

3.      As a result of the success of the auction and the Plan Settlement, the Debtors are now poised to move forward in their Chapter 11 proceedings with a plan of reorganization that should permit a meaningful distribution to be made to unsecured creditors. Moreover, through the settlement, the parties were also able to likely shorten the length of the Chapter 11 proceedings and their attendant costs significantly. To that end, the parties will incorporate the Plan Settlement into a motion to approve the Plan Settlement as well as a plan of reorganization, both of which the parties hope to finalize and file with the Court as quickly as possible.

4.      The Committee believes that the proposed Sale to Puma is the highest and best offer available to the Debtors' estates. In addition, if the Sale to Puma is not approved, it is unlikely that the Plan Settlement could be effectuated. Accordingly, the Committee strongly

---

[2]  Over the course of the auction, the parties were also able to negotiate a settlement with certain of the Debtors' former insiders that resolves the estates' and BPPR's potential guarantee claim against such insiders.

[3]  In the event administrative and priority claims turn out to be less than $33 million, unsecured creditors shall be entitled to share in 33.33% of all amounts less than such cap.

[4]  Any deficiency claim held by BPPR shall not be entitled to a distribution from the GUC Reserve or the Identified Claims.

#13612581 v1

supports the Sale to Puma and urges this Court to approve the Sale and enter the proposed Sale

Order.

Dated: December 21, 2010  
      Wilmington, DE

Respectfully submitted,

**PEPPER HAMILTON LLP**

 /s/ Michael J. Custer                     
David B. Stratton (DE No. 960)
Evelyn Meltzer (DE No. 4581)
Michael J. Custer (DE No. 4843)
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

     - and -

Larren M. Nashelsky (admitted *pro hac vice*)
Lorenzo Marinuzzi (admitted *pro hac vice*)
Todd M. Goren (admitted *pro hac vice*)
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, NY  10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to the Official Committee of*
*Unsecured Creditors*

#13612581 v1