IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
CARIBBEAN PETROLEUM CORP., et al.,[1]                    :    Case No. 10-12553 (KG)
                                                         :
              Debtors.                                   :    Jointly Administered
                                                         :
------------------------------------------------------------------------------------x

NOTICE OF (A) ENTRY OF ORDER CONFIRMING
THE FOURTH AMENDED JOINT PLAN OF LIQUIDATION UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTORS,
THE STATUTORY COMMITTEE OF UNSECURED CREDITORS, AND BANCO
POPULAR DE PUERTO RICO, (B) HEARING TO CONSIDER APPLICATIONS
FOR FINAL ALLOWANCE OF PROFESSIONAL CLAIMS, (C) TIME FOR FILING
REQUESTS FOR ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSE
CLAIMS, (D) TIME FOR FILING PROOFS OF CLAIM WITH RESPECT TO
REJECTION DAMAGE CLAIMS, AND (E) OCCURRENCE OF EFFECTIVE DATE

**PLEASE TAKE NOTICE:**

1. **Entry of Confirmation Order.** On May 9, 2011 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Order Confirming the Fourth Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors, the Statutory Committee of Unsecured Creditors, and Banco Popular de Puerto Rico* (the "Confirmation Order", see D.I. 983). The Confirmation Order confirmed the *Fourth Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors, the Statutory Committee of Unsecured Creditors, and Banco Popular de Puerto Rico*, dated May 6, 2011 (the "Plan", see D.I. 960), jointly proposed by Caribbean Petroleum Corporation, Caribbean Petroleum Refining L.P., and Gulf Petroleum Refining (Puerto Rico) Corporation, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the statutory committee of unsecured creditors (the "Committee"), and Banco Popular de Puerto Rico ("BPPR"). Unless otherwise defined in this Notice, capitalized terms used in this Notice shall have the meanings ascribed to such terms in the Confirmation Order.

2. **Copies of Confirmation Order and Plan.** The Confirmation Order, which includes a copy of the Plan attached thereto as Exhibit A, is on file with the Clerk of the

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) are: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). The service address for all Debtors is: PO Box 361988, San Juan, Puerto Rico 00936.

Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, where it is available for review weekdays between the hours of 8:00 a.m. and 4:00 p.m. (Eastern Daylight Time).  Parties also may view such documents by accessing the website of the Debtors' claims agent, Kurtzman Carson Consultants, at http://www.kccllc.net/Caribbean, or by accessing the Bankruptcy Court's Electronic Case Filing System, which can be found at www.ded.uscourts.gov, the official website for the Bankruptcy Court.

3. **Occurrence of Effective Date.**  On June 3, 2011, the Effective Date occurred.

4. **Binding Effect of Confirmation Order and Plan.**  Except as otherwise provided in the Confirmation Order or the Plan, (a) the provisions of the Confirmation Order and the Plan bind (i) the Plan Proponents, (ii) each holder of a Claim or an Equity Interest, whether or not the Claim or Equity Interest of such holder is Impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan, (iii) any other entity giving, acquiring, or receiving property under the Plan, (iv) all counterparties to the Debtors' executory contracts and unexpired leases rejected pursuant to the Plan, and (v) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors, and assigns, if any, of the foregoing and (b) all settlements, compromises, waivers, exculpations, releases, and injunctions set forth in the Plan shall be effective and binding on all entities who may have had standing to assert any settled, released, exculpated, or enjoined Claims or Causes of Action, and no other person or entity shall possess such standing to assert such Claims or Causes of Action after the Effective Date.

5. **Deadline to File Final Fee Applications.**  Any holder of a Professional Claim must file its application for final allowance of such Claim (a "Final Fee Application") **on or before July 5, 2011**, together with proof of service thereof, and shall serve such Final Fee Application on (i) the Liquidation Trustee for the Caribbean Petroleum Liquidation Trust, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, New York 10036 (Attn: Mr. Roy Messing); (ii) counsel to the Caribbean Petroleum Liquidation Trust, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: George A. Davis, Esq. and Zachary H. Smith, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq. and Jason M. Madron, Esq.); (iii) counsel to BPPR, Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899 (Attn: Mark Chehi, Esq. and Sarah E. Pierce, Esq.); (iv) counsel to the Committee, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Lorenzo Marinuzzi, Esq., and Todd M. Goren, Esq.), and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801 (Attn:  David Klauder, Esq.).

6. **Objections to Final Fee Applications.**  Objections to any Final Fee Application must be filed, together with proof of service thereof, and served on the professional that filed such Final Fee Application and each of the parties identified in paragraph 5 of this Notice **on or before July 18, 2011**.

7. **Hearing on Final Fee Applications.** A hearing to consider all timely-filed and properly-served Final Fee Applications and any objections or responses thereto (the "Final Fee Hearing") shall be held before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom #3, Wilmington, Delaware 19801, on **August 10, 2011 at 2:00 p.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard. The Final Fee Hearing may be adjourned from time to time without further notice other than the filing of an amended agenda with respect thereto.

8. **Administrative Expense Claim Bar Date.** Except as otherwise provided in the Plan, the General Bar Date Order, the Administrative Bar Date Order, or any other order of the Bankruptcy Court, all requests for allowance of Administrative Expense Claims (excluding, for the avoidance of doubt, any Administrative Expense Claims that have been fully satisfied or Allowed on or before the Effective Date) that accrue from January 1, 2011 through the Effective Date (each, an "Administrative Expense Request") must be filed with Kurtzman Carson Consultants LLC, the Debtors' claims agent, and served on the Liquidation Trustee for the Caribbean Petroleum Liquidation Trust, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, New York 10036 (Attn: Mr. Roy Messing) **on or before July 5, 2011** (the "Administrative Expense Claim Bar Date").

9. **Instructions for Filing Administrative Expense Request.** In order to file an Administrative Expense Request, holders of Administrative Expense Claims that accrued from January 1, 2011 through the Effective Date must deliver the **original** Administrative Expense Request in person, by courier service, by hand delivery, or by mail **so as to be actually received** by the Debtors' claims agent **on or before the Administrative Expense Claim Bar Date** at the following address:

> Caribbean Petroleum Claims Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

**ADMINISTRATIVE EXPENSE REQUESTS SENT BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

Each Administrative Expense Request must (a) be written in the English or Spanish language, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) be executed by the individual to whom service of any papers relating to such request shall be directed, (d) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available, (e) specifically identify the Debtor, by name and proper chapter 11 case number, against which the Administrative Expense Request is asserted, and (f) conform substantially with the Administrative Expense Request Form attached as Exhibit 1 to the *Order Establishing a Deadline for Filing Administrative Expense Requests and Approving the Form and Manner of Notice Thereof*. See D.I. 356. Administrative Expense Request Forms may also be obtained by accessing the website of the Debtors' claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/Caribbean.

Each Administrative Expense Request must include all Administrative Expense Claims asserted against a particular Debtor in a single Administrative Expense Request Form. If Administrative Expense Claims are asserted against more than one Debtor, a separate Administrative Expense Request Form must be filed against each Debtor.

10. **Consequences for Failure to Timely File Administrative Expense Request.** THE FAILURE TO PROPERLY FILE AND SERVE AN ADMINISTRATIVE EXPENSE REQUEST ON OR BEFORE THE ADMINISTRATIVE EXPENSE CLAIM BAR DATE SHALL RESULT IN SUCH ADMINISTRATIVE EXPENSE CLAIM BEING DEEMED FOREVER BARRED AND DISALLOWED AS OF THE EFFECTIVE DATE AUTOMATICALLY WITHOUT THE NEED FOR ANY OBJECTION FROM THE DEBTORS, THE LIQUIDATION TRUSTEE, OR ANY OTHER PARTY IN INTEREST OR ANY ACTION BY THE BANKRUPTCY COURT.

11. **Rejection Damage Claim Bar Date.** All proofs of claim (each, a "Proof of Claim") with respect to Rejection Damage Claims arising from the rejection of executory contracts and unexpired leases pursuant to the Plan must be filed with the Bankruptcy Court and served on the Liquidation Trustee for the Caribbean Petroleum Liquidation Trust, FTI Consulting, Inc., 3 Times Square, 11th Floor, New York, New York 10036 (Attn: Mr. Roy Messing) **on or before July 5, 2011** (the "Rejection Damage Claim Bar Date"). For the avoidance of doubt, all proofs of claim with respect to Rejection Damage Claims arising from the rejection of the franchise agreements identified on Exhibit 1 to the Bankruptcy Court's *Order Establishing Deadline for Filing Proofs of Claims Arising From Rejection of Franchise Agreements*, dated May 12, 2011 (see D.I. 998), must be filed in accordance with such order.

12. **Instructions for Filing Proof of Claim.** In order to file a Proof of Claim, holders of Rejection Damage Claims must deliver the **original** Proof of Claim in person, by courier service, by hand delivery, or by mail **so as to be actually received** by the Debtors' claims agent **on or before the Rejection Damage Claim Bar Date** at the following address:

> Caribbean Petroleum Claims Processing Center
> c/o Kurtzman Carson Consultants LLC
> 2335 Alaska Avenue
> El Segundo, California 90245

**PROOFS OF CLAIM SENT BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

Each Proof of Claim must (a) be written in the English or Spanish language, (b) be denominated in lawful currency of the United States as of the Petition Date, (c) be executed by the individual to whom service of any papers relating to such claim shall be directed, (d) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available, (e) specifically identify the Debtor, by name and proper chapter 11 case number, against which the Proof of Claim is asserted, and (f) conform substantially with Official Form

10. Proof of Claim forms may be obtained by accessing the website of the Debtors' claims agent, Kurtzman Carson Consultants, at http://www.kccllc.net/Caribbean.

Each Proof of Claim must include all Rejection Damage Claims asserted against a particular Debtor in a single Proof of Claim form. If Rejection Damage Claims are asserted against more than one Debtor, a separate Proof of Claim form must be filed against each Debtor.

13. **Consequences for Failure to Timely File Proof of Claim.** **THE FAILURE TO PROPERLY FILE AND SERVE A PROOF OF CLAIM WITH RESPECT TO A REJECTION DAMAGE CLAIM ARISING FROM THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO THE PLAN BY THE REJECTION DAMAGE CLAIM BAR DATE SHALL RESULT IN SUCH CLAIM BEING DEEMED FOREVER BARRED AND DISALLOWED AS OF THE EFFECTIVE DATE WITHOUT THE NEED FOR ANY OBJECTION BY THE DEBTORS OR THE LIQUIDATION TRUSTEE OR ANY ACTION BY THE BANKRUPTCY COURT.**

Dated: June 3, 2011
Wilmington, Delaware

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | CADWALADER, WICKERSHAM & TAFT LLP |
| One Rodney Square | One World Financial Center |
| 920 North King Street | New York, New York 10281 |
| Wilmington, Delaware 19801 | Telephone: (212) 504-6000 |
| Telephone: (302) 651-7700 | Facsimile: (212) 504-6666 |
| Facsimile: (302) 651-7701 | |

Co-Attorneys for Debtors
and Debtors in Possession

5

RLF1 4064205v. 1