IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Caribbean Petroleum Corp., et al., | ) | Case No. 10-12553(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____) | | **Re Dkt No. 1353** |

## MEMORANDUM OPINION

The issue requiring the Court's decision arises from the objection (the "Objection")[1] of FTI Consulting, Inc., as liquidation trustee (the "Trustee") of Caribbean Petroleum Liquidation Trust ("CPLT"), pursuant to sections 105 and 502(e)(1)(B) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, to claims filed by Intertek USA, Inc. ("Intertek"). For the reasons explained below, the Court will sustain the Objection.

## JURISDICTION

This Court has jurisdiction to consider this omnibus objection pursuant to 28 U.S.C. §§ 157 and 1334, and venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may render a final judgment with respect to it.

## PERTINENT BACKGROUND

### The Cases

On August 12, 2010 (the "Petition Date"), Caribbean Petroleum Corporation, Caribbean Petroleum Refining L.P., and Gulf Petroleum Refining (Puerto Rico) Corporation

---

[1] The Objection is but one of a number of claims objections addressed in the Trustee's Eight Omnibus (Non-Substantive Objection to Certain Reimbursement and Contribution Claims (D.I. 1353)). The Court has sustained or approved the resolution of all other objections.

(collectively, the "Debtors") commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court. The bankruptcy followed explosions that occurred on or about October 23, 2009, at the Debtors' facilities located in Bayamon, Puerto Rico (the "Explosions") that effectively put the Debtors out of business and caused injuries to persons and property.

On May 9, 2011, the Court entered an order (the "Confirmation Order", D.I. 983) confirming the *Fourth Amended Joint Plan of Liquidation Under Chapter* 11 *of the Bankruptcy Code Proposed by the Debtors, the Statutory Committee of Unsecured Creditors, and Banco Popular de Puerto Rico,* dated May 6, 2011 (the "Plan", D.I. 960), which became effective on June 3, 2011. D.I. 1080, 1081.

Pursuant to the Plan, CPLT was established and the Trustee was appointed. One of the Trustee's duties is to reconcile outstanding claims asserted against the Debtors. See Plan, §§ 6.2, 6.7.

**Claims Resolution**

Creditors have filed more than 2,250 proofs of claim (the "Proofs of Claim") against the Debtors. Approximately 2,000 claims are "Tort Claims," which are defined under the Plan to include:

> (a) any Claim asserted against any of the Debtors that is predicated upon alleged damages incurred on account of negligence or other equivalent tort legal theory in connection with the explosions that occurred at Caribbean Petroleum Refining L.P.'s facilities in October 2009 or (b) any Claim asserted against any of the Debtors for contribution or indemnity related to the explosions that occurred at Caribbean Petroleum Refining L.P.'s facilities in October 2009.

Plan § 1.1.

2

The Confirmation Order provides procedures for determining the allowed amount of valid Tort Claims through direct negotiation or alternative dispute resolution (the "Claims Administration Procedure"). Pursuant to the Claims Administrative Procedure and Section 6.7 of the Plan, the Trustee reserves the right to object to any Tort Claim to the extent that resolution of such objection would not impair any right of the holder of such Tort Claim to a jury trial.

## The Consolidated Actions

The Consolidated Actions consist of thirty-nine tort litigations arising from the Explosions. Twenty-two actions were commenced in the United States District Court for the District of Puerto Rico and seventeen were commenced in the Court of First Instance, Bayamon Superior Part. On the Petition Date, the Consolidated Actions were stayed at the early stages of litigation, and generally remain stayed. To date, no formal discovery has occurred and no class of plaintiffs has been certified in the Consolidated Actions.

## The Intertek Claims

The Claims at issue are those filed by Intertek USA, Inc., ("Intertek"), claim nos. 1615, 1616, 1617 (the "Intertek Claims"). They are asserted as unliquidated and unknown in amount.

Intertek is a defendant in the Consolidated Actions, and asserts claims for reimbursement or contribution pursuant to applicable non-bankruptcy law. The cause of the Explosions remains unknown and the Consolidated Actions have not proceeded to determine where liability rests. Accordingly, Intertek filed the Intertek Claim as contingent and

unknown.

## DISCUSSION

The Trustee is requesting the Court to disallow and expunge the Intertek Claims in their entirety. The Trustee's basis for such relief is Section 502(e)(1)(B) which provides, in pertinent part, that the Court:

> shall disallow any claim for reimbursement or contribution of any entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that-
>
> . . . .
>
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim ....

11 U.S.C. § 502(e)(1).

Section 502(e)(1)(B) serves two primary purposes. First, it precludes "redundant recoveries on identical claims against insolvent estates in violation of the fundamental Code policy fostering equitable distribution among all creditors of the same class.'" *In re Touch America Holdings, Inc.*" 381 B.R. 95, 109 (Bankr. D. Del. 2008) (quoting *In re Hemingway Transport, Inc.*, 993 F.2d 915, 923 (1st Cir. 1993). Second, it enables "distribution to unsecured creditors without a reserve for contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit." *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988); *see also Syntex Corp. v. Charter Co. (In re Charter Co.)*, 862 F.2d 1500, 1502-03 (11th Cir. 1989) ("[T]he bankrupt's estate should not be burdened by estimated claims contingent in nature.").

The Trustee argues that section 502(e)(l)(B) is directly applicable here. Absent disallowance of the Intertek Claims, CPLT must delay distributions under the Plan and indefinitely reserve significant assets on account of contingent and possibly duplicative claims that may only become fixed after years of litigation. Furthermore, thousands of Tort Claims have been filed asserting claims for direct liability against the Debtors in connection with the Consolidated Actions. The Intertek Claims thus expose the Debtors to double payment on account of those same alleged damages.

Intertek counters with the arguments that the Objection is premature, and violates the Plan's requirement that the Trustee treat Tort Claims equitably. Moreover, according to Intertek, the Objection seeks to cut off Intertek's rights as a holder of a Tort Claim to proceeds from the settlement with one of Debtor's insurers. Intertek also challenges the Trustee's claim that expunging the Intertek Claims will expedite distribution. The Court is not persuaded by Intertek's arguments.

### Section 502(e)(1)(B)

Three elements must be satisfied in order for a claim to be disallowed under section 502( e)(1 )(B): "(i) the claim must be contingent, (ii) the claim must be for reimbursement or contribution, and (iii) the debtor and the claimant must be co-liable on the claim." *In re Touch America Holdings, Inc.*, 409 B.R. 712, 715-16 (Bankr. D. Del. 2009); *see also In re APCO Liquidating Trust*, 370 B.R. 625, 631 (Bankr. D. Del. 2007) (quoting *In re Provincetown-Boston Airlines, Inc.*, 72 B.R. 307, 309 (Bankr. M.D. Fla. 1987)). The Court finds that the Objection meets all of the statutory requirements.

5

1. The Subject Claims Are Contingent

A claim is contingent until the claimant has both incurred liability and made payment on that liability. *APCO*, 370 B.R. at 636; *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 55 (Bankr. D. Del. 2001); *Aetna Cas. and Surety Co. v. Georgia Tubing Co.*, 1995 WL 429018, at *2 (S.D.N.Y. July 20, 2005); *In re Global Indus. Tech., Inc.*, 327 B.R. 230, 233 (Bankr. W.D. Pa. 2005). No judgments have been entered against Intertek, and Intertek has neither settled with nor paid any plaintiffs. Intertek seeks reimbursement or contribution from the Debtors only for amounts that they may have to pay in the Consolidated Actions. The Intertek Claims are therefore contingent. The determination that a claim is contingent is made as of the time of allowance or disallowance. Section 502(e)(1)(B).

2. The Intertek Claims Are for Reimbursement or Contribution

Intertek seeks reimbursement or contribution from the Debtors under applicable non-bankruptcy law. Although the Intertek Claims also assert claims for "indemnity," indemnification claims are disallowable under section 502(e)(1)(B) because they are functionally the same as claims for reimbursement or contribution. *In re GCO, LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005) (quoting Wedtech, 85 B.R. at 289)); *see also Capitol Indus., Inc. v. Regal Cinemas, Inc.* (*In re Regal Cinemas, Inc.*), 393 F.3d 674, 650 (6th Cir. 2004) ("Analytically, indemnity is the same as reimbursement.") (citing *In re Pacor*, 110 B.R. 686, 690 (E.D. Pa. 1990))); *Pinnacle*, 259 B.R. at 55 ("The claim is for reimbursement or contribution since it is based on [claimant's] claim for indemnification against the Debtors.").

3.  The Claimants Are Co-Liable with the Debtors

Co-liability under section 502(e)(1)(B) is a broad concept that includes "'all situations wherein indemnitors or contributors *could be* liable with the debtor . . . .'" *In re Chemtura Com.*, 436 B.R. 286, 295-96 (Bankr. S.D.N.Y. 2010) (quoting *In re Amatex Com.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990)) (emphasis added). Section 502(e)(1)(B) applies if "'the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor could be liable but for the automatic stay.'" *Touch America*, 381 B.R. at 108 (quoting *Wedtech*, 85 B.R. at 290). It is not required that the debtor and the claimant actually "be liable on the claim of the third party in the same action, under a common statute, or on the same legal theory." *In re Lyondell Chern. Co.*, 442 B.R. 236, 244 n.1O (Bankr. SD.N.Y. 2011); see also Wedtech, 85 B.R. at 289-90. Rather, for purposes of 502(e)(1)(B), co-liability encompasses all possibilities for shared liability, whether judicially, contractually or statutorily created. *See Chemtura*, 436 B.R. at 295 (citing *Wedtech*, 85 B.R. at 290; *In re Lull Com.*, 162 B.R. 234, 237-38 (Bankr. D. Minn. 1993); *Amatex*, 110 B.R. at 171; *In re Baldwin-United Com.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985)).

As a co-defendant, Intertek is co-liable with the Debtors for purposes of section 502(e)(1)(B). Intertek alleges that it faces potential liability in the Consolidated Actions and that the Debtors are liable to them for any liability Intertek may incur.

The Claimants are co-liable with the Debtors with respect to the Consolidated Actions. Accordingly, the Subject Claims satisfy the third and final element of the section 502(e)(1)(B) analysis.

**Intertek's Opposition**

Intertek does not challenge either the applicability of Section 502(e)(1)(B) or that the Trustee has satisfied all of the elements of the statute. Instead, Intertek opposes the Objection because, it argues, it is premature, treats Intertek discriminatorily and will not accomplish its intended benefit.

Intertek asserts that the Objection is premature because the Trustee is still reviewing Tort Claimants' questionnaires as part of the mediation procedures the Trustee has established and it would be more appropriate to proceed with the Objection after the Trustee determines how much to allocate to Tort Claimants. Doing so would enable Intertek to resolve claims in the mediation process.

Intertek also complains that sustaining the Objection would interfere with its rights to benefit from the funds generated by the buyback of the Chartis Insurance Company insurance policy which the Court previously approved. D.I. 982. Finally, Intertek argues that the Trustee overestimates the reserves necessary for the Intertek Claims and the Trustee must reserve for the Tort Claims in any event.

At bottom, Intertek wants to delay consideration of the Objection to be able to participate in the mediation process along with all of the other holders of Tort Claims.

It is clear that Intertek does not disagree that all of the elements of Section 502(e)(1)(B) are satisfied. The Trustee is properly addressing claims, here the Intertek Claims, in order to satisfy his mandate to make distributions on account of allowed claims "on or as soon as practicable after the date on which such Claim becomes Allowed, pursuant

to the terms and provisions of the Plan." Plan § 7.2(b). As the Trustee points out, Intertek has not cited and the Court was unable to find any case law in which a court denied an objection pursuant to Section 502(e)(1)(B) because it was premature. The absence of any such decision is not surprising because the statute serves the important purpose of promoting timely distributions to claimants.

Intertek relies on the Claims Administration Procedure and its desire to participate in the dispute resolution process thereunder for its argument that the Objection is premature. However, the Claims Administration Procedure expressly reserves the Trustee's right to object to any Tort Claim. The underlying purpose of the Claims Administration Procedure is to expedite distribution. Sustaining the Objection accomplishes that purpose.

The Court is also not persuaded by Intertek's opposition to the Objection because of the Chartis settlement. The Order approving the Chartis buyback do not deprive Intertek of its right to prosecute its Tort Claims. If successful, Intertek will receive a distribution from the proceeds of the Chartis buyback with holders of other unsecured claims.

The Court is further encouraged that sustaining the Objection is well-founded because, as the Trustee recognizes, by inclusion of appropriate language in the order, Intertek's rights under Section 502(j)[2] are preserved.

---

[2] The section provides, in part, that: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

**CONCLUSION**

For the foregoing reasons, the Court is sustaining the Objection and thereby disallowing the Intertek Claims. The Court requests that Debtors' counsel prepare, circulate for comment and then submit an appropriate order reflecting the Court's ruling.

Dated: May 24, 2012

*[signature]*

KEVIN GROSS, U.S.B.J.