IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                        :  Chapter 11
                                                             :
                                                             :  Case No. 10-12553 (KG)
CARIBBEAN PETROLEUM CORP., et al.,[1]                        :
                                                             :  Jointly Administered
            Debtors.                                         :
                                                             :  Re: D.I. 2167, 2207
                                                             :
---------------------------------------------------------------x  Hearing Date: December 29, 2014 at 9:00 a.m.

### REPLY OF CARIBBEAN PETROLEUM LIQUIDATION TRUSTEE TO LIMITED OBJECTION OF UNITED STATES TO MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION AND TANK SALE AGREEMENT BETWEEN CARIBBEAN PETROLEUM LIQUIDATION TRUSTEE AND MANUEL COLÓN-CABRERA

FTI Consulting, Inc., as liquidation trustee (the "Liquidation Trustee") of Caribbean Petroleum Liquidation Trust ("CPLT"), by and through its undersigned counsel, submits this reply to the limited objection (the "Objection", see D.I. 2207) of the United States Environmental Protection Agency ("EPA") to the *Motion for Entry of an Order Approving Stipulation and Tank Sale Agreement Between Caribbean Petroleum Liquidation Trustee and Manuel Colón-Cabrera* (the "Motion", D.I. 2167).[2]

The settlement should be approved because it is fair, reasonable to CPLT's beneficiaries and in the best interests of the estate. There is no debate that settling the claims

---

[1] The Debtors in these chapter 11 cases (along with the last four digits of each Debtor's federal tax identification number) were: Caribbean Petroleum Corporation (7836), Caribbean Petroleum Refining L.P. (1421), and Gulf Petroleum Refining (Puerto Rico) Corporation (1417). Following confirmation of the Debtors' chapter 11 plan, Caribbean Petroleum Liquidation Trust was established as the successor in interest to the Debtors, and the Debtors were dissolved. The service address for Caribbean Petroleum Liquidation Trust is: PO Box 361988, San Juan, Puerto Rico 00936.

[2] Capitalized terms used but not defined herein have the same meanings used in the Motion.

between Colón-Cabrera and CPLT on the terms embodied in the settlement is good for CPLT. The amount to be paid is appropriate and within the range of reasonableness, the releases are appropriate and CPLT -- a liquidating trust which exists to liquidate claims and distribute cash to its beneficiaries -- has no need for the USTs it is conveying to Colón-Cabrera. To the contrary, it is singularly inappropriate for CPLT to continue holding the USTs given how close CPLT is to the end of its lifecycle. The Objection disputes none of this. Instead, it seeks to condition approval of the settlement on how non-debtor Colón-Cabrera can use the settlement proceeds. CPLT will consent to this if Colón-Cabrera does, but absent Colón-Cabrera's consent, the concerns raised in the Objection should not be inserted into the 9019 settlement process. As a consequence, the Liquidation Trustee respectfully requests that the Court overrule the Objection and grant the Motion for the following reasons:

## REPLY

### A. THE RELIEF REQUESTED IN THE MOTION IS REASONABLE, FAIR AND EQUITABLE

2. To approve the settlement between CPLT and Colón-Cabrera, this Court need only find that the settlement is fair, reasonable and in CPLT's best interests. As previously demonstrated in the Motion, the settlement meets this test and the EPA's Objection does not undermine what CPLT has already shown. Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Group, Inc.), 336 B.R. 87, 92 (Bankr. D. Del. 2005), aff'd, No. 05-828-SLR, 2006 WL 2842462 (D. Del. Oct. 2, 2006). As detailed in the Motion, the settlement is certainly fair and equitable as it resolves the last significant claim against the Debtors' estates, secures a substantial reduction in Colón-Cabrera's claim, and avoids protracted and costly litigation. See Motion ¶ 17. Consequently, the settlement clearly satisfies this Court's inquiry under Bankruptcy Rule 9019(a).

3. Significantly, the Liquidation Trustee is in no position to resolve Colón-Cabrera's claim in any other manner -- such as, for example, mandating that he use the settlement funds in a particular way. CPLT is a liquidating trust with a duty to maximize recoveries for and distribute assets to its beneficiaries. CPLT cannot manage remediation at the Property, and the proposed settlement transfers any applicable legal obligations with respect to remediation to an entity capable of compliance, and provides adequate funding to meet such obligations. Sale of the USTs pursuant to the settlement is by far the best possible course of action for the beneficiaries of CPLT.

4. Any liability related to the USTs will be transferred with the sale, along with significant consideration which could be used to cover such obligations. The transfer of funds is adequate financial assurance for the purposes of this Court's approval of the settlement. Further, EPA's regulatory and police powers provide ample means to address any remaining concerns regarding post-sale use of funds to remediate or comply with applicable environmental law. Indeed, it strains this Court's Article I jurisdiction to restrict the conveyance in a manner that will apply only to a non-debtor, with regard to assets no longer owned by CPLT, in order to achieve a result that the EPA can reach by other means.

### B. EPA'S OBJECTION IS INAPPROPRIATE WITH RESPECT TO THE RELIEF REQUESTED

5. EPA's concerns are not germane to the relief requested because the conveyance has no effect on underlying environmental law. Critically, relief sought in the Motion is not at all similar to an "impermissible abandonment" of the USTs. See Objection ¶ 9. Unlike abandonment, the relief sought in the Motion does not attempt to relieve any parties of liability for the USTs and make them a public responsibility. To the contrary, the conveyance provides for the transfer of any liabilities related to the USTs to Colón-Cabrera, who (a) is

willing to accept the attendant obligations and liabilities and (b) has received valuable consideration to address such obligations. Rather than seeking authority to abandon the USTs and evade any related obligations, the settlement provides Colón-Cabrera with funds to satisfy such obligations because Colón-Cabrera, unlike CPLT, is an operating entity in a position to address them.

6.    Moreover, the authority cited by the EPA does not support its characterization. The cases cited by the EPA involve debtors seeking to actually abandon assets subject to environmental liability, often forcing the relevant environmental agency to remediate and seek payment for costs incurred. See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 497 (1986) (holding that a trustee could not abandon polluting property in order to avoid the costs of remediation); Comm. of Pa. Dep't of Envtl. Res. v. Conroy, 24 F.3d 568, 570 (3d Cir. 1994) (holding that remediation costs incurred by an environmental agency qualify as an administrative expense); Texas v. Lowe (In re H.L.S. Energy Co.), 151 F.3d 434, 438 (5th Cir. 1998) (holding that remediation costs incurred by an environmental agency qualify as an administrative expense). That is not the case here. The EPA has not incurred any remediation costs, and a private party has agreed to assume all existing and future obligations related to the USTs. Moreover, CPLT is not seeking to avoid the costs of remediation, and is providing funds to Colón-Cabrera to meet those obligations. In fact, the EPA's own authority establishes that the lack of actual incurred costs and the assumption of environmental obligations by a private party is pivotal. See In re Oldco M Corp., 438 B.R. 775, 786 (Bankr. S.D.N.Y. 2010) (holding that an environmental agency was not entitled to a claim for remediation where no funds had been expended and a private party had assumed environmental obligations). In that instance, environmental concerns are merely speculative, and do not meet the evidentiary burden

necessary to claim remediation costs. Id. It follows that if the EPA cannot establish a claim for remediation costs on hypothetical fears, it cannot interfere with a private sale on the same.

7. The Objection posits that the settlement contravenes nonbankruptcy law, see Objection ¶ 9, but this is incorrect. Pursuant to the Tank Sale Agreement, Colón-Cabrera assumes all legal responsibility for the USTs and must register the USTs with the EQB. Accordingly, nonbankruptcy law remains unaffected by the settlement, and actually informs Colón-Cabrera's obligations thereunder. By assuming legal responsibility and registering the USTs, Colón-Cabrera indicates his intentions to comply with environmental law applicable to ownership and operation of the USTs. Any additional requirements are excessive as they seek to redress hypothetical concerns that are unrelated to the Debtors, their estates, the Liquidation Trustee, or CPLT.

8. The Tank Sale Agreement secures a contractual indemnity for the Debtors, their estates, the Liquidation Trustee and CPLT, but this also does not disrupt applicable nonbankruptcy law. The indemnity is necessary to provide CPLT's beneficiaries with protection from the uncertainty of future litigation, and does not interfere with the EPA's power to require compliance with applicable regulations. For this reason, the EPA has not identified any actual violation of environmental law occurring because of the proposed settlement. Its concerns are purely conjecture and should not interfere with this Court's consideration of the reasonableness of the proposed settlement.

## CONCLUSION

For these reasons and those set forth in the Motion, the Liquidation Trustee respectfully requests that the Court (a) overrule the Objection and (b) grant the Motion and such further relief as is just and necessary.

RLF1 11298376v.1

Dated:    December 23, 2014
              Wilmington, Delaware

*/s/ Jason M. Madron*
Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701-

- and -

Christopher J. Updike (admitted pro hac vice)
Benjamin M. Riskin (admitted pro hac vice)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and -

Peter Friedman (admitted pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5302
Facsimile: (202) 383-5415

*Co-Attorneys for the Liquidation Trustee*